## ATLANTIC, VALDOSTA -AND WESTERN RAILROAD COMPANY v. McDILDA.

An action by a wife to recover damages for the negligent homicide of her husband is an action for an "injury done to the person," and must be brought within two years after the date of the death of the husband.

Submitted March 3,—Decided May 16, 1906.

Action for damages. Before Judge Parker. Clinch superior court. May 29, 1905.

Mrs. L. J. McDilda brought suit against the railroad company for the homicide of her husband. The homicide occurred September 1, 1899, and the suit was filed September 7, 1901. The defendant demurred to the petition, one of the grounds being that it appeared therefrom that the right of action was barred by the statute of limitations. The demurrer was overruled, and the defendant excepted.

*Toomer & Reynolds,* for plaintiff in error.

*Leon A. Wilson* and *S. C. Townsend,* contra.

COBB, P. J. (After stating the foregoing facts.) The controlling question in this case is, what is the statute of limitations applicable to a suit brought on a cause of action arising from a negligent homicide? There is no statute which in its very terms is applicable to suits of this character. The limitation act of 1856 (Acts 1855-6, p. 233) was evidently intended to be exhaustive of all suits that could be brought in the courts of this State. The title of the act was in the following language: "An act limiting the time in which suits in the courts of law in this State must be brought, and also limiting the time in which indictments are to be found and presented in certain cases, and for other purposes therein mentioned." It is utterly repugnant to the genius of our laws for a person to be forever liable for a wrong done, whether that wrong arise out of contract or out of tort. As was said by Mr. Chief Justice Marshall, in Adams *v.* Woods, 2 Cranch. 342, "In a country where not even treason can be prosecuted after a lapse of three years, it can scarcely be supposed that an individual would remain forever liable to a pecuniary forfeiture." It is therefore to be determined under what provision of the limitation laws of this State a cause of action of the character now under consideration will fall. The present law allowing a cause of action

for a negligent homicide had its origin in the act of February 23, 1850 (Cobb's Dig. 476), which was in force at the time that the limitation act of 1856 was passed. It is therefore to be presumed that the General Assembly intended this character of action to be embraced within some one of the provisions of that law. We think it comes within that provision which is now contained in the Civil Code, §3900, which declares, "Actions for injuries done to the person shall be brought within two years after the right of action accrues." In the Code of 1863 there is a distinct chapter which bears the heading, "Of injuries to the person." Article 1 of this chapter is headed, "Physical Injuries," and section 2913 in that article contains the provision of the law giving a widow, or, if no widow, a child or children, the right to recover for the homicide of the husband or parent. This was a codification of the act of 1850 and its various amendments, and is the law which is now embraced in the Civil Code, §3828, along with the amendments which have been passed since the adoption of the Code of 1863. The law in reference to a cause of action for a negligent homicide has in every code been placed in a chapter headed "Of injuries to the person." Two of the codes have been adopted by the General Assembly and one of them by a constitutional convention. The classification of a suit for a negligent homicide as an injury to the person rests, therefore, not only upon the opinion of the different codifiers, which is itself entitled to great weight, but also upon direct legislative action approving the classification thus made. See, in this connection, *Johnson* v. *Bradstreet Co.,* 87 *Ga.* 79; *Hutcherson* v. *Durden,* 113 *Ga.* 987.

It seems from the briefs of counsel that there is no contention on either side that the action is subject to no limitation of time, but they disagree as to the time in which the action should be brought. Counsel for plaintiff in error contend that as the action is in the nature of a suit for a penalty, the bar of the statute attaches after the lapse of one year from the time the cause of action arose. On the other hand, counsel for defendant in error contend that the cause of action is the injury to the property rights of plaintiff, and the suit is not barred until after the lapse of four years from the time the cause of action arises. The contention that the action is in the nature of a suit for a penalty is based on some expressions contained in the dissenting opinion in the case

of *So. Bell Tel. Co.* v. *Cassin,* 111 *Ga.* 575.   In *Savannah Elec. Co.* v. *Bell,* 124 *Ga.* 663, the statute giving a right of action for a negligent homicide is declared to be in effect both penal and reme-dial.   It is remedial in that there must be a dependence upon the person killed; and a contribution to the support of the plaintiff must have been made by the deceased.   It is penal in that the measure of the recovery is the full value of the life of the de-ceased, irrespective of its real value to the person in whom the cause of action is vested.   That the action is partly penal in its nature would not authorize its characterization as a suit for a penalty.   The case of *Glover* v. *S., F. & W. Ry Co.,* 107 *Ga.* 34, expressly rules that if such an action as the one now under con-sideration be brought within two years from the date of death, no bar of the statute attaches.   It is true that in that case the theory now advanced, that the action is one for the recovery of a penalty, was not under consideration.   But it is clear to our minds that this contention can not be maintained, and the ruling in the *Glover* case is adhered to.   The real question here presented is whether the action is one for personal injuries, or one for injuries to a prop-erty right.   In the former instance the action would be barred after two years had elapsed, in the latter the right to sue would con-tinue for four years.   In the case of *Frazier* v. *Ga. R. Co.,* 101 *Ga.* 70, this court held that the injury to a father by the homicide of a minor son was an injury to his property rights, and the statute of limitations would not bar a recovery until after four years from the homicide.   It will be noted that the cause of action in that case was not dependent upon the statute now under consideration.   At common law the father had a right to the services of a minor child, and could sue for a tort depriving him of those services.   "When that right is injured or illegally taken from him, it is a damage to his personal estate; and an action brought to recover damages for the injury to or loss of such personal estate is governed and con-trolled, so far as the time in which such action must be brought, by the law which limits the time in which actions for damages to personalty or personal estate are to be instituted."   *Frazier* v. *Ga. R. Co.,* 101 *Ga.* 77.   In the same case (p. 75) there is quoted with approval the following extract from an opinion of Mr. Justice Masten, in Fried *v.* N. Y. Cen. R. Co., 25 How. Pr. 285: "If, upon legal rules, injury to the person is the gist of the action, and

injury to property or to pecuniary interests is merely matter of aggravation, the right of action dies with the person. But if, upon legal principles and analogies, the gist of the action can be injury to the property or to pecuniary rights or interests, the right of action is transmitted to the personal representative, who may recover to the extent that the wrong touched the estate of the deceased." We might invert this test, and determine whether the gist of the action be an injury to the person, or to property rights, by looking to see whether the right of action would survive to a personal representative. A right of action where the gist is injury to property rights would survive, a right of action where the gist is injury to the person would not survive. A father's right of action for damages for loss of the services of a minor child would, in case of the father's death, survive to his administrator. A mother's right of action for the homicide of her son, based on the statute which also gives her a right of action for the homicide of her husband, when no suit had been brought thereon, would not survive to her administrator (*Frazier* v. *Ga. R. Co.*, 101 *Ga.* 79) ; neither would the wife's right of action for the homicide of her husband.

We think it is clear that in an action by a wife for the homicide of her husband, the gist of the action is an injury to the person. A wife has no property rights in the services of her husband, and no property rights in his life. Her statutory right to recover for his homicide is a substitution of the wife in his place for the purposes of recovering for the injury inflicted upon him, and the measure of damages is the value of the husband's life to the man himself, not the value of his life to the wife. In *So. Bell Tel. Co.* v. *Cassin,* 111 *Ga.* 575, it was said, "However new it [the cause of action] may be, in the very nature of things it can not be independent; it is inherently rooted and grounded in the injury to the husband. It grows out of it, and is a part of it, having almost complete identity of substance, and subject to the same defenses." In Titman *v.* New York, 57 Hun, 473, the question here under consideration was decided. "The statute, says Judge Cooley, 'continues, for the benefit of the wife, husband, etc., a right of action which at the common law would have terminated at the death, and enlarges its scope to embrace the injury resulting from death.' (Cooley on Torts, 264.) In other words, the right of action growing out of what was clearly a personal injury, in the most restricted sense, is practically, though

not technically, continued and extended by the statute. As Rapallo, J., points out in Little Wood v. Mayor, etc., 89 N. Y. 24, the statute 'was intended to apply to the case of a party who, having a good cause of action for a personal injury, was prevented by his death, which resulted from such injury, from pursuing his legal remedy, or who omitted in his lifetime to do so.' Such being the purpose of the change in the common law, I think the action thus authorized may be reasonably and naturally called an action for damages for personal injuries." In Sherman v. Western Stage Co., 22 Iowa, 556, an action by a husband to recover damages for the killing of his wife and child "is construed to be an action for personal injuries," and the statute of limitations applicable to actions of this class was held to bar a recovery.

We think the court should have sustained the demurrer, and dismissed the petition.

*Judgment reversed. All the Justices concur.*