Margaret CURRY, as Administratrix of the Estate of William Curry, Deceased, and Individually as the Widow and next of kin of William Curry, Deceased, Plaintiff,

v.

P. D. MARCHESSINI, INC., P. D. Marchessini & Co., Ltd. (also operating as P. D. Marchessini & Co. New York, Inc.), Defendants and Third-Party Plaintiffs,

v.

ATLANTIC STEVEDORING CO., Inc., Third-Party Defendant,

Liberty Mutual Insurance Company, Applicant for Intervenor.

No. 64 Civ. 663.

United States District Court
S. D. New York.

June 8, 1967.

Jacob Rassner, New York City, for plaintiff.

Poles, Tublin & Patestides, New York City, for defendants and third-party plaintiffs.

McLEAN, District Judge.

This is an action by the administratrix of a longshoreman who resided in Georgia to recover damages for his death which occurred, allegedly because of the unseaworthiness of defendant's vessel and cargo, while he was loading the vessel in Savannah, Georgia. Jurisdiction is based on diversity of citizenship.

Defendant moves pursuant to Rule 12(c) for judgment on the pleadings on two grounds: (1) that the action is barred by the two-year Georgia statute of limitations; (2) that the Georgia wrongful death statute does not encompass an action for death caused by unseaworthiness. Since the first ground is valid, it is unnecessary to consider the second.

■ The action is expressly based upon the Georgia wrongful death statute (Ga.Code Ann. §§ 105–1302, 105–1309 (1956)), as it must be, for the maritime law recognizes no cause of action for wrongful death of a longshoreman which does not occur on the high seas. The Tungus v. Skovgaard, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524 (1959).

■ Since the right of action is created by state statute, the state statute of limitations applicable to the action governs. Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210 (1921).

Georgia Code Annotated § 3–1004 (1956) provides:

"Actions for injuries to the person shall be brought within two years after the right of action accrues * * *."

■ The Georgia courts have construed this statute to apply to death actions. Atlantic, V. & W. R. Co. v. McDilda, 125 Ga. 468, 54 S.E. 140 (1906); Chapman v. Central of Georgia Ry., 20 Ga.App. 251, 92 S.E. 1025 (1917).

■ Curry's death occurred on October 30, 1961. The right of action then accrued. Atlantic, V. & W. R. Co. v. McDilda, supra; Chapman v. Central of Georgia Ry., supra.

This action was not begun until March 3, 1964. It was therefore begun too late.

There is no merit to the arguments advanced by plaintiff in an effort to avoid the statutory bar. The statute was not tolled by defendant's absence from Georgia. Judge Cannella has found on an earlier motion in this action that defendant was doing business in Georgia at the time of the accident and was amenable to service there. Curry v. P. D. Marchessini, Inc., 64 Civ. 663, 252 F.Supp. 626 (S.D.N.Y. May 11, 1965).

■ The Georgia tolling statute (Ga. Code Ann. § 3–805 (1956)) applies only when a defendant who resided in Georgia when the cause of action accrued later removes temporarily from the state. Miller v. Rackley, 199 Ga. 370, 34 S.E.2d 438 (1945). That is not the case here.

■ Ga.Code Ann. § 3–808 (1956) which permits a plaintiff to recommence an action within six months after a non-suit, discontinuance or dismissal of his prior action has no application to this case. The earlier proceeding referred to by plaintiff in this connection, O'Keeffe v. Atlantic Stevedoring Co., 354 F.2d 48 (5th Cir. 1965), was a proceeding brought on behalf of Curry's widow to obtain compensation for his death under the Longshoremen's and Harbor Workers' Compensation Act. It was not non-suited, discontinued or dismissed within the meaning of the Georgia statute. On the contrary, although the district court held that the claim did not come within the Compensation Act, the Court of Appeals reversed and awarded compensation to Curry's widow.

Defendant's motion for judgment on the pleadings is granted.

So ordered.