*Hilliard P. Burt,* for appellees.

39156. CLARK v. SINGER et al.

HILL, Chief Justice.

Mrs. Clark brought this wrongful death action against two doctors and their professional corporation. The trial court granted summary judgment to the defendants based upon the expiration of the statute of limitations. The pertinent facts were stipulated by counsel, for which we thank them.

The plaintiff, Jewell Clark, is the widow of Gwyn Clark, who died on June 11, 1979, due to carcinoma to the lung with metastasis and other contributing conditions related thereto. This suit for wrongful death based upon alleged negligence and malpractice was filed on June 8, 1981. The negligence and medical malpractice alleged against the defendants is their alleged failure to diagnose and treat carcinoma to the lungs prior to June 3, 1978.

The patient's carcinoma with metastasis was diagnosed by another doctor between July 10 and July 20, 1978. Thereafter, the patient was given chemotherapy. Plaintiff contends that her husband's condition existed prior to June 3, 1978, and should in the exercise of reasonable medical care and skill have been discovered by the defendants during their treatment prior to June 3, 1978. Although the defendants deny that they were negligent, they concede that negligence is a jury issue.

OCGA §§ 9-3-70 through 9-3-72 (Code Ann. §§ 3-1101 — 3-1103) provide the statutes of limitations in actions for medical malpractice. It is clear that OCGA § 9-3-70 (Code Ann. § 3-1101) is applicable to claims for damages resulting from death or injury to the person; i.e., OCGA § 9-3-70 (Code Ann. § 3-1101) is applicable to actions for wrongful death. OCGA § 9-3-71 (Code Ann. § 3-1102) provides that, except for foreign objects left in a patient's body, an action for medical malpractice shall be brought within two years after the date on which the negligent or wrongful act or omission occurred.

In this case it is stipulated that death occurred on June 11, 1979; that the alleged malpractice occurred prior to June 3, 1978; and that suit was filed on June 8, 1981, within two years of death but more than two years after the alleged negligent or wrongful act or omission.[1]

---

[1] Although under the facts of this case, plaintiff could have filed suit for wrongful death within two years of June 3, 1978, it is possible that the carcinoma should have

Plaintiff contends that OCGA § 9-3-71 (Code Ann. § 3-1102) as applied to actions for wrongful death is unconstitutional as a denial of equal protection and due process and other provisions of the State and U. S. Constitutions.

Defendants argue that this court upheld the Code sections in question against due process and equal protection challenges in *Allrid v. Emory Univ.,* 249 Ga. 35 (285 SE2d 521) (1982). We did, but not against the challenges made here. *Allrid* was a personal injury and loss of consortium suit instituted by the patient and his wife. Upon the patient's death during the litigation, his wife proceeded with her husband's personal injury action as his executrix. In *Allrid,* where we approved *Hamby v. Neurological Assoc.,* 243 Ga. 698 (256 SE2d 378) (1979), we found that the classification of medical malpractice actions separately from other tort actions for statute of limitations purposes was a rational exercise of legislative power. In *Allrid,* we held that classification of medical malpractice actions based upon foreign objects left in the patient's body separately from other medical malpractice actions was not arbitrary classification among medical malpractice plaintiffs, and hence was not a denial of equal protection. *Allrid* did not deal with the equal protection argument raised here.

A cause of action for wrongful death caused by another arises in the spouse and/or children or parents of the deceased upon the death of such deceased. The statute of limitations for wrongful death actions other than medical malpractice actions is two years, and it runs from the date of death, not the date of the injury or negligent act. *Atlantic, Valdosta & Western R. v. McDilda,* 125 Ga. 468 (54 SE 140) (1906); *Glover v. Savannah, Fla. & W. R. Co.,* 107 Ga. 34 (2) (32 SE 876) (1899). Thus, a tortfeasor other than a medical practitioner who injures a person who survives the accident for a lengthy period and later dies from the injuries received can be sued for wrongful death more than two years after the date of the negligent act. The General Assembly had not found that this delay causes unjustifiable harm to the tortfeasor.

As applied to wrongful death actions, OCGA § 9-3-71 (Code Ann. § 3-1102) creates two classes of wrongful death claimants in medical malpractice actions: (1) those whose spouse, child or parent died within two years of the negligent or wrongful act or omission, and (2) those whose spouse, child or parent died more than two years after the negligent or wrongful act or omission. Those in the former

been discovered as early as May, 1977, and in any event the statute of limitations as to this plaintiff was less than the two years available to others.

category can maintain an action for wrongful death, whereas those in the latter category are barred by the statute of limitations before death occurs; i.e., before their cause of action for wrongful death accrues.

No other statute of limitations has been cited to us or of which we are aware bars the maintenance of a cause of action before it arises. No other cause of action for wrongful death in Georgia is barred by the statute of limitations before death. This statute of limitations is unlike the precisely drawn statute of repose applicable to architects, engineers and contractors. OCGA § 9-3-51 (Code Ann. §§ 3-1006, 3-1007). See *Benning Constr. Co. v. Lakeshore Plaza Enterprises,* 240 Ga. 426 (241 SE2d 184) (1977).

In determining whether OCGA § 9-3-71 (Code Ann. § 3-1102) is constitutional as applied to wrongful death actions, we apply the rational relationship test: the classification " 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' Reed v. Reed, 404 U. S. 71, 76 (92 SC 251, 30 LE2d 225) (1971); *Bickford v. Nolen,* 240 Ga. 255, 256 (240 SE2d 24) (1977)." *Allrid v. Emory Univ.,* supra, 249 Ga. at 38. " 'Statutes of limitation . . . are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.' Order of Railroad Telegraphers v. Railway Exp. Agency, 321 U. S. 342, 348-9 (64 SC 582, 88 LE 788) (1943)." *Allrid,* supra, 249 Ga. at 39. A claim which has not arisen has not been slumbering and is not stale. Plaintiff had no opportunity to put defendants on notice as required by law; i.e., by filing suit, within the period of limitation. We find no rational basis for a limitation scheme which permits a medical malpractice wrongful death action if the patient dies within two years of the defendant's negligent act but which bars a wrongful death action if the patient lives for two years after defendant's negligent act where the defendant is a doctor but not in other wrongful death cases. To impose a limitation period which may be exhausted before the cause of action accrues (i.e., before the patient dies), arbitrarily distinguishes between wrongful death, medical malpractice plaintiffs. We therefore hold that OCGA § 9-3-71 (Code Ann. § 3-1102) is unconstitutional as applied to actions for wrongful death.

Plaintiff's suit was brought within two years of her husband's

death and therefore the two year statute of limitations applicable to actions for wrongful death had not run. The trial court erred in overruling plaintiff's constitutional attack upon the statute and in granting summary judgment to the defendants.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 4, 1983 —
REHEARING DENIED JANUARY 25, 1983.

*William Q. Bird,* for appellant.
*McClure, Ramsey & Dickerson, John A. Dickerson,* for appellees.