39887, 39920. ALLRID v. EMORY UNIVERSITY et al.; and vice versa.

GREGORY, Justice.

This case was in this court on a previous occasion. *Allrid v. Emory University,* 249 Ga 35 (285 SE2d 521) (1982). (Hereafter referred to as Allrid I.) We affirmed the grant of a partial summary judgment to defendant Emory University, noting that a "supplier of dangerous chattel" claim remained which had not been addressed by the trial court. The trial court thereafter addressed this claim and granted what purported to be a full summary judgment to Emory. The Court of Appeals affirmed the trial court's finding as to the products liability claim, but reversed in part because it determined that Mrs. Allrid had a viable wrongful death claim which had not been addressed by the trial court. The Court of Appeals noted that, in *Clark v. Singer,* 250 Ga. 470 (298 SE2d 484) (1983), this court "held that the statute of limitation for medical malpractice claims cannot constitutionally be applied to wrongful death claims asserting medical malpractice as the cause of death." *Allrid v. Emory University,* 166 Ga. App. 130, 131 (303 SE2d 486) (1983). The Court of Appeals offered, "as obiter dicta," its opinion that Allrid I and *Clark v. Singer,* supra, are inconsistent. We granted certiorari to determine if our opinion in Allrid I conflicts with *Clark v. Singer,* supra. We conclude there is no conflict between the two opinions, but affirm the judgment of the Court of Appeals.

In 1979 James Barber Allrid and his wife, Julie Allrid, brought suit against Emory University and Tenneco Chemicals, Inc. The complaint alleged that Emory negligently treated James Barber Allrid in 1956, using the radioactive substance thoratrast, resulting in his total disability in 1979. The complaint alleged an amount of medical expenses incurred by Mr. Allrid and that future medical expenses would be incurred. A demand for judgment in the amount in excess of $10,000 was made.

Mr. Allrid died October 17, 1979. Julie Allrid was substituted as a party in her capacity as the executrix of his estate. She was already a party in her individual capacity.

Emory moved for summary judgment alleging that Mr. Allrid's claims for damages due to personal injury and for lost wages and medical expenses were barred by the statute of limitations. See OCGA § 9-3-71 (Code Ann. § 3-1102). Afterward, plaintiff filed an amendment which contained an incidental reference to wrongful death. We agree with the Court of Appeals that this amendment sufficed, under notice pleading, to state a claim for wrongful death. During argument before the trial court on Emory's motion for

summary judgment, reference was made to the wrongful death claim, but Emory never amended its motion to attack the wrongful death claim.[1] The trial court granted Emory's motion for summary judgment on the ground the suit was untimely.

In Allrid I, we affirmed the grant of summary judgment as to the personal injury claims. We addressed plaintiff's equal protection challenge to the distinction made between medical malpractice cases involving foreign objects left in the patient's body and all other medical malpractice cases. Any other constitutional argument made was obscure, and certainly did not focus attention upon the equal protection challenge later sustained in *Clark v. Singer,* supra. That challenge was based upon the distinction between medical malpractice wrongful death claims and all other wrongful death claims. Allrid I holds that the distinction between foreign object cases and all other medical malpractice cases does not violate equal protection. *Clark v. Singer,* supra, holds that the distinction between medical malpractice wrongful death cases and all other wrongful death cases violates equal protection.

Courts cannot declare statutes constitutional. Courts can only determine whether a statute is unconstitutional on account of the attack made or not unconstitutional on account of the attack made. When a statute is challenged it is the function of the court to determine the validity of the particular challenge made. It is not the court's function to decide if the statute withstands all attacks which could possibly be made. When this case was first before this court we ruled upon the distinct equal protection challenge made. The equal protection challenge made in *Clark v. Singer,* supra, was a different challenge altogether. Whether the medical malpractice statute of limitations will withstand an equal protection challenge based upon the distinction between medical malpractice personal injury claims and all other personal injury claims was not decided in Allrid I. Thus, different results were reached but the two opinions are not inconsistent.

Plaintiff's personal injury claim against Emory has been denied on summary judgment. The wrongful death claim against Emory has not been decided.

*Judgment affirmed and remanded for further action not inconsistent herewith. All the Justices concur, except Weltner, J., who concurs in the judgment only and Marshall, P. J., and Bell, J., who dissent.*

---

[1] Counsel for Emory stated in oral argument before this court that Emory did not know it was defending a wrongful death claim in Allrid I.

DECIDED SEPTEMBER 7, 1983.

*Hart & Sullivan, George W. Hart, Philip C. Henry, Candler, Cox, Andrews & Hansen, W. Edward Andrews,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Daryll Love, John A. Gilleland,* for appellees.

MARSHALL, Presiding Justice, dissenting.

For the reasons stated in Judge Sognier's dissent to the Court of Appeals' opinion and my growing doubts concerning *Clark v. Singer,* 250 Ga. 470 (298 SE2d 484) (1983), I must respectfully dissent.