## 67145. SHESSEL v. STROUP et al.

SHULMAN, Presiding Judge.

In April 1983, appellant applied to the Supreme Court for interlocutory review of the trial court's denial of motion for judgment on the pleadings based on the statute of limitation applicable to medical malpractice. The application was transferred to this court after the Supreme Court's decision in *Allrid v. Emory Univ.,* 249 Ga. 35 (285 SE2d 521) (Allrid I), but prior to the decision in *Allrid v. Emory Univ.,* 251 Ga. 367 (306 SE2d 905) (Allrid II). In fact, certiorari in Allrid II had not yet been granted when this case was transferred to the Court of Appeals. After reviewing the record in this case, and in light of the unusual chronology of events, we must transfer the case back to the Supreme Court because the question it presents is that which the Supreme Court left unanswered in Allrid II since it had not been raised: "Whether the medical malpractice statute of limitations will withstand an equal protection challenge based upon the distinction between medical malpractice personal injury claims and all other personal injury claims . . ." *Allrid* II, supra, p. 368. Therefore,

it is ordered that this case be transferred to the Supreme Court since it is one in which the constitutionality of a law has been drawn into question. Georgia Constitution, Art. 6, Sec. 6, Par. 2 (1) (Code Ann. § 2-3202).

*Transferred to the Supreme Court. McMurray, C. J., and Birdsong, J., concur.*

DECIDED JANUARY 6, 1984.

*Hunter S. Allen, Jr., Simuel F. Doster, Jr.,* for appellant.
*C. Crandle Bray,* for appellees.