### 40708. SHESSEL v. STROUP et al.
(316 SE2d 155)

Gregory, Justice.

Brenda Stroup and her husband, Ronald Stroup, brought a malpractice action against Herbert L. Shessel, a medical doctor. They alleged he negligently performed a sterilization procedure on Brenda Stroup with the result she later became pregnant and gave birth to a child. Dr. Shessel contended the action was barred by the limitation period in OCGA § 9-3-71. The trial court, relying on our recent opinion in *Clark v. Singer,* 250 Ga. 470 (298 SE2d 484) (1983), held the statute unconstitutional as applied to the facts of this case. We affirm.

The issue to be decided is whether OCGA § 9-3-71 is a denial of equal protection of the law of the State and U. S. Constitutions as applied to the facts of this case. The code section provides a time bar of medical malpractice actions in the following language: "Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which the negligent or wrongful act occurred."

The record shows Dr. Shessel performed a sterilization procedure on Mrs. Stroup which he referred to as a "bilateral tubal fulguration" and which she called a "bilateral tubal ligation."[1] This was done April 3, 1978. Mrs. Stroup first discovered she was pregnant on or about May 1, 1981, considerably more than two years after the procedure which she alleged was negligently performed. A normal child was born several months later in 1981. Suit was filed November 16, 1982, over four years after the alleged negligent act. The Stroups sought damages for her pain and suffering, costs of the future care and maintenance of the child, medical expenses, loss of consortium, and litigation expenses.

Dr. Shessel filed a motion for judgment on the pleadings relying upon OCGA § 9-3-71. After hearing and briefs, the trial court concluded the code section is unconstitutional based upon the reasoning

---

[1] A tubal ligation is sterilization by tying the fallopian tubes. Fulguration is the destruction of living tissue by electric sparks generated by high frequency current. Dorland's Illustrated Medical Dictionary, 25th ed., (1974).

we used in *Clark v. Singer*, supra, and denied the motion. Dr. Shessel appealed from this order.

OCGA § 9-3-71 was enacted as part of an act entitled "Limitations of Actions for Medical Malpractice." Ga. Laws 1976, p. 1363 et seq. The statute defines an action for medical malpractice, establishes a limitation upon the time within which a suit must be brought, and removes the action from the general tort statute of limitations. The general tort statute of limitations is codified at OCGA § 9-3-33. It provides a one-year limitation for injury to the reputation, two years for other personal injury, and four years for loss of consortium. In each circumstance, however, the time period begins to run from the time "the right of action accrues." We have held that an action for personal injury does not "accrue" until the tort is complete, and a tort is not complete until injury is sustained. *Everhart v. Rich's, Inc.*, 229 Ga. 798, 801 (194 SE2d 425) (1972). (For an analysis of whether Georgia has adopted the discovery rule,[2] see Latent Injuries and the Statute of Limitations: A New Rule Emerges in Georgia. Thomas W. Thrash and A. Russell Blank, 19 Ga. St. B. J. 12 (1982).) Under the 1976 medical malpractice statute the time period begins to run on the date the negligence occurs. It is this difference in the beginning point for calculating the limitation period which is the focal point of this appeal. Under the general tort statute of limitations the time would not have begun to run in this case until there was injury. There is nothing in the record to indicate injury to Mrs. Stroup until she became pregnant. The pregnancy was the injury. That happened some time shortly before May 1, 1981, less than two years prior to filing suit. (If Georgia has adopted the discovery rule, the record discloses the appropriate date would be on or about May 1, 1981, the date Mrs. Stroup discovered her pregnancy. There is no contention she might reasonably have done so sooner.)

We dealt with the Limitations of Actions for Medical Malpractice Act, supra, in several cases before our opinion in *Clark v. Singer*, supra. Three years after its enactment we decided *Hamby v. Neurological Assoc.*, 243 Ga. 698 (256 SE2d 378) (1979). The appellant complained that the two-year limitation for medical malpractice loss of consortium, OCGA § 9-3-71, denied equal protection in that the general loss of consortium limitation, was four years. OCGA § 9-3-33. But, she conceded, and this court agreed, there was a rational basis for the separate classification of medical malpractice actions from other tort actions. The court then held the Act constitutional against the attack made. In *Allrid v. Emory University*, 249 Ga. 35 (285 SE2d

---

[2] The discovery rule means that the statute does not begin to run "until the plaintiff has in fact discovered that he has suffered injury, or by the exercise of reasonable diligence should have discovered it." W. L. Prosser, Law of Torts, 4th ed., § 30, page 144 (1974).

521) (1982), we were called upon to construe and apply the statute. We determined the statute was not an unconstitutional retrospective application of a time limitation. Also, there was an equal protection challenge against the classifications made by the Act between cases involving foreign objects left in a patient's body and other medical malpractice cases. OCGA § 9-3-71 and 72. In foreign object cases a one-year limitation period begins to run when the negligent or wrongful act is discovered, not when the negligent or wrongful act occurred. We held there was a substantial relationship between the classification made and the object of the legislation, and denied the equal protection challenge. We next decided *Clark v. Singer*, supra. It was a wrongful death action. This time the equal protection challenge was directed to different classifications created by the Act. We held that at least three classifications among wrongful death actions existed: (1) The general tort limitation of two years provided in OCGA § 9-3-33 which applies to most wrongful death actions and runs from date of death, not date of injury nor date of negligence. *Atlantic, Valdosta &c. R. Co. v. McDilda*, 125 Ga. 468 (54 SE 140) (1906); *Glover v. Savannah, Florida &c. R. Co.*, 107 Ga. 34 (2) (32 SE 876) (1899); (2) a medical malpractice claim where death occurs within two years of the negligent act; and (3) a medical malpractice claim where death occurs more than two years after the negligent act. We recognized there is a rational basis for the separate classification of all medical malpractice actions from general tort actions. OCGA § 9-3-71. But we failed to see how the three-way classification which depended upon the arbitrary date of death in medical malpractice cases, and thereby allowed an action to be brought in all general tort cases, and in some medical malpractice cases, but not in other medical malpractice cases, bore a "substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." Reed v. Reed, 404 U. S. 71, 76 (92 SC 251, 30 LE2d 225) (1971).

Now we have at hand a case in which there is an alleged negligent act constituting medical malpractice in which the negligence produced no injury until more than two years after the alleged negligence occurred. Just as a wrongful death action may not be brought until death occurs, a personal injury claim may not be brought until there is injury. OCGA § 51-1-8; *Jankowski v. Taylor, Bishop & Lee,* 246 Ga. 804 (273 SE2d 16) (1980). Therefore, we have the same arbitrary three-way classification held unconstitutional in *Clark v. Singer,* supra. The general tort limitation begins only when the action "accrues" and that is no sooner than the date of injury and perhaps no sooner than the date of discovery. OCGA § 9-3-33. But, the medical malpractice statute begins to run from the date of negligence, thereby classifying cases into one category where injury occurs within the two-year period and another where injury occurs after the two-year pe-

riod. OCGA § 9-3-71. All general tort claims survive until there is injury, some medical malpractice claims survive until there is injury and some medical malpractice claims do not. As was pointed out in *Clark v. Singer*, supra at 472, "Statutes of limitation . . . are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." We find no substantial relation in this three-way classification to the object of a limitation statute. All who are similarly situated are not treated alike. We hold that OCGA § 9-3-71 is a denial of equal protection and therefore unconstitutional as applied to personal injury claims in which injury occurs more than two years after the negligent or wrongful act or omission occurred.

*Judgment affirmed. All the Justices concur, except Clarke, J. who concurs specially and Marshall, P. J., Weltner and Bell, JJ., who dissent.*

DECIDED MAY 31, 1984 — REHEARING DENIED JUNE 19, 1984.

*Doster, Allen, King & Young, Simuel F. Doster, Jr.,* for appellant.

*Bray, Hilslip, Comer & Simmons, C. Crandle Bray,* for appellees.

CLARKE, Justice, concurring specially.

I am able to concur in the judgment because the majority opinion is narrow in its application. I believe OCGA § 9-3-71 serves a valid purpose and is grounded on a rational foundation which can withstand a constitutional attack.

My understanding of the majority reasoning is that a statute of limitations may not bar a cause of action before the cause of action accrues. That is to say that in a tort case all of the elements of the tort must exist prior to the running of the statute of limitations. One of the essential elements of a tort is an injury. We have held that a cause of action accrues, however, before all or even the greater part of the damage has been sustained and that any appreciable and actual harm establishes a cause of action upon which suit may be brought. *Jankowski v. Taylor, Bishop & Lee,* 246 Ga. 804 (273 SE2d 16) (1980). It may be argued that the failed tubal ligation surgery was an appreciable injury, but this argument lacks validity because the appellee underwent the original operation by consent. The consent of the appellee was in fact a contract, and a claim for expenses of that surgery would sound in contract rather than in tort.

It is the result of the alleged negligence which gives rise to a tort action. In this case, the result is the pregnancy complained of. Until

the pregnancy occurred, there was no injury or damage and hence no cause of action. While a cause of action may be abolished prior to its existence by a statute of repose such as OCGA § 9-3-51, I believe a legislative effort to extinguish it by means of a statute of limitations runs afoul of our holding in *Clark v. Singer*, 250 Ga. 470 (298 SE2d 484) (1983).

WELTNER, Justice, dissenting.

I dissent, because the circumstances of this case, as I understand them, come squarely within the provisions of OCGA § 9-3-71.

I am authorized to state that Presiding Justice Marshall joins herein.