## 74170. STAFFORD v. QUINN et al.
### (358 SE2d 619)

POPE, Judge.

On June 20, 1986 appellant Billy Stafford filed a medical malpractice action against appellee doctors alleging, inter alia, injuries and damages flowing from appellees' negligent treatment of appellant on August 3, 1983. Appellees subsequently filed motions seeking a judgment on the pleadings based on appellant's failure to file his action within the applicable two-year statute of limitation. The trial court granted the appellees' motions on October 21, 1986 and Stafford appeals.

Appellant concedes his action was barred as of August 23, 1985 under the two-year statute of limitation contained in OCGA § 9-3-71, but argues the 1985 amendment to that section created a one-year "grace period" for all actions which existed on July 1, 1985, the effective date of the amendment.

Prior to the 1985 amendment, the two-year limitation period contained in OCGA § 9-3-71 commenced from "the date on which the negligent or wrongful act or omission occurred." Although amended section 9-3-71 also contains a two-year limitation period, said period now commences on "the date on which an injury or death arising from a negligent or wrongful act or omission occurred." OCGA § 9-3-71 (a). Although not codified, the legislature also provided as follows: "No action for medical malpractice which, prior to July 1, 1985, has been barred by the provisions of Title 9, relating to actions, shall be revived by this Act. No action for medical malpractice which would be barred before July 1, 1986, by the provisions of this Act but which would not be so barred by the provisions of Title 9 in force immediately prior to July 1, 1985, shall be barred until July 1, 1986." Ga. L. 1985, p. 556, § 3.

Appellant contends the second sentence of subsection 3 creates a one-year grace period so that all actions which existed on July 1, 1985, the effective date of the amendment, could be timely filed any time prior to July 1, 1986. Conversely, appellees contend subsection 3

creates a grace period only for those causes of action which would be viable until July 1, 1986 under the provisions of former Title 9, but which would be barred prior to that date under OCGA § 9-3-71 as amended. Thus, appellees argue, since appellant's action would be barred as of August 3, 1985 under both the former and the present statute of limitations, subsection 3 is inapplicable, and the trial court properly dismissed Stafford's untimely filed complaint.

Although we are persuaded that a literal reading of subsection 3 supports appellees' interpretation of that section, we are constrained by the Georgia Supreme Court's interpretation of a similar provision in *Allrid v. Emory Univ.*, 249 Ga. 35 (1) (b) (285 SE2d 521) (1982), to adopt appellant's position. In *Allrid*, the court considered the effect of the General Assembly's enactment of Code Ann. § 3-1102 et seq. which replaced Code Ann. § 3-1004 insofar as it related to the statute of limitation in medical malpractice actions. Of particular import to the case sub judice is the court's construction of section 3-1105, which provided as follows: "No action for medical malpractice which would be barred before July 1, 1977, by the provisions of this Chapter but which would not be so barred by the provisions of Title 3, (i.e., Code Ann. § 3-1004) in force immediately prior to July 1, 1976, shall be barred until July 1, 1977."

In *Allrid* our Supreme Court determined the effect of that code section to be as follows: "No cause of action which existed on July 1, 1976, the effective date of Code Ann. § 3-1102, was immediately barred by the statute. *Every* such cause of action survived for at least the grace period of one year." *Allrid*, supra at 37.

Except for references to the applicable dates and code sections, Ga. L. 1985, p. 556, § 3 and Code Ann. § 3-1105 are indistinguishable. Thus, based on the Supreme Court's interpretation of identical language in *Allrid*, we hold that every medical malpractice action which existed on July 1, 1985, the effective date of the amendment to OCGA § 9-3-71, survived until July 1, 1986. Accordingly, the trial court erred in dismissing appellant's action in the case sub judice.

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED MAY 22, 1987 —
REHEARING DENIED JUNE 5, 1987 —

*Richard W. Summers*, for appellant.
*Frederick N. Gleaton, Richard Smith, John E. Hall, Jr., Penelope B. Rundle*, for appellees.