44760. QUINN v. STAFFORD et al.
44783. LEVY & SMITH, P.C. et al. v. STAFFORD et al.
(362 SE2d 49)

MARSHALL, Chief Justice.

These cases are here on certiorari. *Quinn v. Stafford*, 183 Ga. App. 227 (358 SE2d 619) (1987). The question for decision is whether the Court of Appeals correctly applied the provisions of a 1985 Act which amended OCGA § 9-3-71, relating to the statute of limitations applicable to medical-malpractice actions. This case concerns an uncodified provision in the 1985 Act creating a one-year grace period within which actions barred prior to July 1, 1986, by the 1985 Act on its effective date, July 1, 1985, but not barred by the prior medical-malpractice statute of limitations enacted in 1976, would not be barred prior to July 1, 1986. The Court of Appeals held that under the reasoning of our decision in *Allrid v. Emory University*, 249 Ga. 35 (285 SE2d 521) (1982), even though this action was barred by both the 1976 and 1985 statutes of limitation prior to July 1, 1986, the action necessarily survived until July 1, 1986, since the action existed on the effective date of the 1985 Act. For reasons which follow, we hold that the Court of Appeals' reliance on our *Allrid* decision is misplaced, and that the uncodified grace-period provision in the 1985 Act is, in fact, nonsensical, as well as inapplicable here under the plain language of the statute. Consequently, we reverse.

1. Prior to 1976, the statute of limitations for medical-malprac-

tice actions was contained in the general tort statute of limitations, former Code Ann. § 3-1004; under this statute, medical-malpractice actions and other personal-injury actions were required to be brought "within two years after the right of action accrue[d]." And, under our case law, a personal-injury action is held to "accrue" when an actionable injury is first sustained. *Shessel v. Stroup*, 253 Ga. 56, 57 (316 SE2d 155) (1984), citing *Everhart v. Rich's, Inc.*, 229 Ga. 798, 801 (194 SE2d 425) (1972).

2. However, as stated in *Allrid v. Emory University*, supra, as well as *Shessel v. Stroup*, supra, in 1976 the General Assembly passed an Act entitled, "Limitations of Actions for Medical Malpractice." Ga. L. 1976, p. 1363 et seq.

In this Act, the General Assembly enacted a new Code Chapter 3-11, relating to limitations on medical-malpractice actions. Section 3-1101 of the 1976 Act (Code Ann. § 3-1101 (OCGA § 9-3-70)) contained the definition of an "[a]ction for medical-malpractice." Also enacted was Code Ann. § 3-1102 (OCGA § 9-3-71), which stated, "Except as otherwise provided in this Chapter, an action for medical malpractice shall be brought within two years after the date on which the negligent or wrongful act or omission occurred." As noted in *Allrid v. Emory University*, supra, this medical-malpractice statute of limitations was, to an extent, extremely harsh in its application, in that its enforcement would bar medical-malpractice actions altogether in those cases in which the injury or death was not sustained within two years of the date on which the negligent or wrongful act or omission occurred.

However, in the 1976 Act, the General Assembly also enacted an ameliorative grace-period provision, as well as a non-revival provision. Code Ann. § 3-1105 (OCGA § 9-3-74). This grace-period provision stated, "No action for medical malpractice which would be barred before July 1, 1977, by the provisions of this Code Chapter but which would not be so barred by the provisions of Code Title 3, in force immediately prior to July 1, 1976, shall be barred until July 1, 1977." However, the obverse of the following provision is that no medical-malpractice action which, prior to July 1, 1976, had been barred by the 1976 medical-malpractice statute of limitations would be revived, and such a non-revival provision was also enacted in Code Ann. § 3-1105.

3. In *Allrid v. Emory University*, supra, we held, in accordance with *Hamby v. Neurological Assoc., P.C.*, 243 Ga. 698 (256 SE2d 378) (1979), that the classification of medical-malpractice actions separately from other tort actions for statute-of-limitations purposes is a rational exercise of the legislative power.

In *Allrid*, we further held that a statute of limitations is remedial in nature, and the legislature can constitutionally provide for the ret-

rospective application of such a remedial statute " 'provided a time be fixed subsequent to the passage of the statute which allows citizens affected by it a reasonable time to protect their rights.' " *Allrid*, supra, 249 Ga. at p. 37, citing *Jaro, Inc. v. Shields*, 123 Ga. App. 391, 392 (181 SE2d 110) (1971). We then concluded that the one-year grace-period provision contained in the 1976 Act was reasonable and, therefore, passed constitutional muster, since "[n]o cause of action which existed on July 1, 1976, the effective date of Code Ann. § 3-1102, was immediately barred by the statute. *Every* such cause of action survived for at least the grace period of one year." (Emphasis in original.) *Allrid*, supra, 249 Ga. at p. 37.

4. However, we subsequently held in *Clark v. Singer*, 250 Ga. 470 (298 SE2d 484) (1983), that the 1976 medical-malpractice statute of limitations violated the Equal Protection Clause in those wrongful-death actions in which the date of death was more than two years after the negligent or wrongful act or omission, in that maintenance of the plaintiff's wrongful-death action under such circumstances would be barred by the statute of limitations prior to the date on which the action accrued.

*Shessel v. Stroup*, supra, was a medical-malpractice action in which the injured party had not been killed. In *Shessel*, the plaintiff complained that a sterilization procedure was negligently performed on her, and, as a result, she subsequently became pregnant. There, we held that the 1976 medical-malpractice statute of limitations also violated the Equal Protection Clause in those medical-malpractice actions in which the alleged negligence produced no injury until more than two years after such alleged negligence occurred.

5. Not surprisingly, in 1985 the General Assembly passed another Act relating to limitations of actions for medical malpractice, which Act amended Article 4 of Chapter 3 of Title 9 of the Official Code of Georgia. Ga. L. 1985, p. 556 et seq.

(a) Section 1 of this Act repealed the 1976 enactment of § 9-3-71, and inserted in lieu thereof a new § 9-3-71, subsection (a) of which reads as follows: "Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." Subsection (b) of § 9-3-71 provides that, notwithstanding the two-year statute of limitations contained in subsection (a), "[i]n no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." "Subsection (b) of this Code section is intended to create a five-year statute of ultimate repose and abrogation." OCGA § 9-3-71 (c).

(b) Section 3 of the 1985 Act, which was not codified, purports to establish both a non-revival provision and a grace-period provision.

The first sentence of Section 3 constitutes the non-revival provision, and this sentence states, "No action for medical malpractice which, prior to July 1, 1985, has been barred by the provisions of Title 9, relating to actions, shall be revived by this Act." Thus, if a medical-malpractice action were barred prior to July 1, 1985, under the 1976 statute, by reason of the fact that there had been a passage of more than two years from the date of the allegedly negligent act or omission, the enactment of the 1985 statute, only requiring the action to be brought within two years after the date of the injury or death, would not revive the action.

The second sentence of Section 3, which purports to establish a grace-period provision, states that no medical-malpractice action which would be barred before July 1, 1986, by the 1985 statute of limitations, but which would not be barred by the 1976 statute, would be barred until July 1, 1987. This purported grace-period provision is nonsensical in its application, in that any medical-malpractice action barred before July 1, 1986, by the 1985 statute of limitations, requiring medical-malpractice actions to be brought within two years of the injury or death, would necessarily be barred by the 1976 statute, requiring medical-malpractice actions to be brought within two years after the date on which the negligent or wrongful act or omission occurred. It is not unreasonable to presume that it is the nonsensical nature of this purported grace-period provision that resulted in the non-codification of Section 3.

6. The present case is an action for medical malpractice in which the complaint was filed on June 20, 1986. In the complaint, the plaintiff, Billy Stafford, alleged that on August 3, 1983, he was admitted to St. Joseph's Hospital for diagnosis and treatment of arteriosclerosis, and that he was discharged approximately three weeks later on August 23. In this action, the plaintiff contends that the defendant-doctors, Corinne F. Quinn et al., were negligent in their diagnosis and treatment of him, thereby causing him to continue to suffer from the ailment with which he was afflicted at the time of his admission to, and discharge from, the hospital. In this action, he seeks recovery of economic and non-economic damages allegedly caused by his continuing ailment.

The trial court granted the defendants' motions for judgment on the pleadings on the ground that this action was not filed within either the 1976 or 1985 medical-malpractice statute of limitations.

7. On appeal, as previously stated, the Court of Appeals reversed under the authority of *Allrid v. Emory University*, supra.

In this regard, the Court of Appeals noted that the plaintiff had conceded that this action was barred by the 1976 enactment of § 9-3-71, in that the action was not filed within two years of the allegedly negligent or wrongful act or omission. However, the Court of Appeals

accepted the plaintiff's argument that this action was not barred by the 1985 enactment of § 9-3-71, on grounds that the second sentence of Section 3 of the 1985 Act allows any action in existence as of July 1, 1985, the effective date of the 1985 Act, to be timely filed any time prior to July 1, 1986.

The defendants argue that under the language employed in the second sentence of Section 3, the grace period was only created for those actions which would be viable until July 1, 1986, under the 1976 statute, but which would be barred prior to that date under the 1985 statute. The Court of Appeals acknowledged that a "literal reading" of Section 3 supports the defendants' argument. However, the Court of Appeals proceeded to hold that under our *Allrid* decision, the court was constrained to reject the defendants' argument. In so holding, the Court of Appeals placed reliance on our statement in *Allrid*, which we utilized to support our holding that the 1976 statute was not an unconstitutionally retroactive law. In this regard, as previously noted, we stated that no action which existed on the effective date of the 1976 Act was immediately barred, but would survive for at least the grace period of one year.

8. In its decision in this case, the Court of Appeals has misread our *Allrid* decision. *Allrid* constitutes authority for the proposition that where a newly enacted statute of limitations purports to extinguish a previously existing cause of action, the newly enacted statute may, within constitutional limitations, be retroactively applied, provided that affected parties are given a reasonable time, such as the one-year grace-period provision contained in the 1976 Act, to perfect their rights after enactment of the new statute.

However, our *Allrid* decision also constitutes authority for the proposition that where maintenance of the plaintiff's cause of action is barred by the statute of limitations in effect prior to the effective date of a newly enacted statute of limitations, "it cannot be said that the enactment of [the new statute of limitations also barring maintenance of the action] operate[s] to deprive plaintiff of a vested right." *Allrid*, supra, 249 Ga. at p. 37.

Since the 1985 medical-malpractice statute of limitations lengthens the period within which a medical-malpractice action may be brought, our *Allrid* decision's holdings concerning the constitutionality of the 1976 statute of limitations, and the grace-period provision contained in the 1976 Act, are inapposite here.

As acknowledged by the Court of Appeals in this case, the uncodified grace-period provision, by its terms, is inapplicable here, since this action was barred prior to July 1, 1986, by both the 1976 and the 1985 statutes of limitation. However, also inapplicable is the uncodified non-revival provision contained in Section 3 of the 1985 Act. As previously stated, the non-revival provision states that no

medical-malpractice action barred by the 1976 statute on July 1, 1985, the effective date of the 1985 Act, will be revived. The present action was barred under the 1976 statute of limitations as of August 3, 1985, and, therefore, does not come within the ambit of this non-revival provision.

9. In any event, as previously stated, under the applicable statute of limitations contained in the 1985 Act as well as the 1976 Act, this action was barred by both statutes of limitation as of the date the complaint was filed. Consequently, for the reasons previously given, we reverse the Court of Appeals' holding that the trial court erred in granting the defendant-doctors' motions for judgment on the pleadings.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 19, 1987.

*Hart & Sullivan, George W. Hart, R. Jerry Kirkpatrick, John E. Hall,* for Quinn.

*Richard W. Summers,* for Stafford.

*Hurt, Richardson, Garner, Todd & Cadenhead, Frederick N. Gleaton,* for Levy & Smith.