A00A0250, A00A0251. ROBINSON et al. v. WILLIAMSON et al.; and vice versa.

(537 SE2d 159)

SMITH, Presiding Judge.

On February 3, 1997, Hildred Robinson, as legal guardian of Geneva Masdon, an incompetent adult, filed this action against Revco Discount Drug Centers, Inc. and J. Carl Williamson, Jr., a pharmacist for Revco.[1] They alleged that Williamson incorrectly filled a prescription for her ward and that this interruption of her correct medication caused her to suffer a stroke in August 1994.

---

[1] Christine Masdon later joined this action as an additional guardian.

Robinson and Masdon moved for partial summary judgment on the issue of liability, and Williamson and Revco moved for summary judgment on several grounds, including the statute of limitation for medical malpractice. The trial court granted summary judgment to Williamson and Revco on the basis of expiration of this statute of limitation, and we affirm on the same basis.

1. The statute of limitation for medical malpractice claims is determined by the application of three interlocking statutory enactments. OCGA § 9-3-70 provides:

> As used in this article, the term "action for medical malpractice" means any claim for damages resulting from the death of or injury to any person arising out of: (1) Health, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such service or by any person acting under the supervision and control of the lawfully authorized person; or (2) Care or service rendered by any public or private hospital, nursing home, clinic, hospital authority, facility, or institution, or by any officer, agent, or employee thereof acting within the scope of his employment.

OCGA § 9-3-71 (a) provides: "Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." Finally, OCGA § 9-3-73 (b) provides: "Notwithstanding Article 5 of this chapter, all persons who are legally incompetent because of mental retardation or mental illness . . . shall be subject to the periods of limitation for actions for medical malpractice provided in this article." The term "legally incompetent because of mental retardation or mental illness" includes those suffering from brain injury, and the tolling provisions of OCGA § 9-3-90 therefore do not apply even when such mental incapacity exists. *Kumar v. Hall*, 262 Ga. 639, 642 (1) (b) (423 SE2d 653) (1992).[2]

We have repeatedly noted that the broad scope of OCGA § 9-3-70 is not limited to licensed physicians. *Bradway v. American Nat. Red Cross*, 263 Ga. 19, 21 (426 SE2d 849) (1993) (blood bank); *Zechmann*

---

[2] Robinson and Masdon's assertion that OCGA § 9-3-70 violates the Americans with Disabilities Act, 42 USC § 12101 et seq., is without merit. Assuming without deciding that the statute applies to a state procedural rule, nothing in OCGA § 9-3-70 prevents the guardian of a mentally incompetent person from taking timely action on her ward's behalf. Robinson and Masdon have not shown that they were unable to obtain guardianship of their mother or assert her claim in a timely manner, so they have not shown that the State's enactment subjected their ward to discrimination within the meaning of 42 USC § 12132.

*v. Thigpen,* 210 Ga. App. 726, 727 (1) (437 SE2d 475) (1993) (optometrist); *Allrid v. Emory Univ.,* 166 Ga. App. 130, 131 (1) (303 SE2d 486) (1983), aff'd, 251 Ga. 367 (306 SE2d 905) (1983) (hospital dispensing drug). Also, *Faser v. Sears, Roebuck & Co.,* 674 F2d 856 (11th Cir. 1982), was cited with approval in *Harrell v. Lusk,* 263 Ga. 895, 898 (439 SE2d 896) (1994), as well as in *Zechmann,* supra, and *Allrid,* supra. This Eleventh Circuit opinion explicitly holds that the dispensing of prescription medication by a pharmacist constitutes "a 'medical . . . prescription . . . rendered by a person authorized by law to perform such (a) service' " and falls within the purview of OCGA § 9-3-70. *Faser,* supra at 859. Decisions of federal courts are not binding authority on this court, but their reasoning may be persuasive. *Macon-Bibb County Hosp. Auth. v. Nat. Treasury Employees Union,* 265 Ga. 557, 558 (458 SE2d 95) (1995). As in *Zechmann,* we find the reasoning of the Eleventh Circuit in *Faser* persuasive and consistent with the holdings of the Georgia courts, and we conclude that an action based upon the conduct of a pharmacist in dispensing medication upon a doctor's prescription constitutes an "action for medical malpractice" within the meaning of OCGA § 9-3-70.

Robinson and Masdon also contend that the medical malpractice statute of limitation does not apply to their claims for strict product liability and breach of warranty, alleging that Williamson and Revco sold Masdon a defectively packaged and mislabeled product. But strict product liability applies only to a manufacturer, not a "product seller." OCGA § 51-1-11.1 (b). A "product seller" is defined as one who "sells and distributes; installs; prepares; blends; packages; labels; markets; or assembles pursuant to a manufacturer's plan, intention, design, specifications or formulation." OCGA § 51-1-11.1 (a). The trial court correctly held that a pharmacist and pharmacy that package and label drugs manufactured by another are product sellers, not manufacturers, within the meaning of strict product liability. We have held that the medical malpractice statute of limitation applies to both tort and contract theories of liability when the claim "calls into question the conduct of a professional in his area of expertise. [Cit.]" *Knight v. Sturm,* 212 Ga. App. 391, 392 (2) (442 SE2d 255) (1994). And claims against a pharmacist based on a breach of warranty theory require "a showing of negligence amounting to professional malpractice." *Sparks v. Kroger Co.,* 200 Ga. App. 135, 136 (2) (407 SE2d 105) (1991) (OCGA § 9-11-9.1 affidavit).

Robinson and Masdon brought this action on February 3, 1997, almost six months after the expiration of the two-year statute of limitation, and their claims therefore are barred. Because the statute of limitation issue is dispositive here, we do not reach the remaining issues addressed by the trial court and the parties.

2. The cross-appeal by Williamson and Revco is accordingly dis-

missed as moot.

*Judgment affirmed in Case No. A00A0250. Appeal dismissed as moot in Case No. A00A0251. Pope, P. J., and Miller, J., concur.*

DECIDED JULY 11, 2000

*Smith, Wallis & Scott, Kenneth A. Smith, James W. Wallis, Jr.*, for appellants.

*Nall, Miller, Owens, Hocutt & Howard, Robert B. Hocutt, Paul J. Pontrelli*, for appellees.