Robert D. HANFLIK and wife Susan E. Hanflik, Plaintiff,

v.

Walter J. RATCHFORD, M.D., Ratchford and McDaniel, P.C., and Its Employees, Agents and Servants, Defendant.

Civ. No. 1:91–cv–2601–JEC.

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 25, 1994.

Eugene R. Kiser, Atlanta, GA, for plaintiff.

Judson Graves, Holly B. Barnett, Atlanta, GA, for defendant.

## ORDER

CARNES, District Judge.

This case is before the Court on defendants' Motion for Summary Judgment [29–1] and defendants' Motion for Leave to Amend Answer [32–1]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that both of defendants' motions should be granted.

## BACKGROUND

This case arises out of defendants' alleged medical malpractice in the treatment of plaintiff Susan E. Hanflik. Plaintiffs allege that defendants' negligence caused plaintiffs' baby to be stillborn due to defendants' failure to perform a cesarian section in time to save the baby. All of the acts complained of took place on September 25, 1984. On September 15, 1986, plaintiffs filed suit for medical malpractice, in which plaintiffs alleged that defendants caused the wrongful death of their son, in the State Court of Fulton County, Georgia. On April 29, 1991, plaintiffs dismissed their state court action, pursuant to O.C.G.A. § 9–2–61.[1] On October 25, 1991, plaintiffs filed their complaint in this Court.

## DISCUSSION

### I. Introduction.

In support of their Motion for Summary Judgment, defendants argue that plaintiffs' claim is barred by Georgia's statute of repose applicable to medical malpractice cases. *See* O.C.G.A. §§ 9–3–71(b)–(c) (Supp.1993). In response, plaintiffs argue that defendants waived their statute of repose defense by failing to raise such defense in their answer to plaintiffs' Complaint. (Pls.' Br. in Resp. to Defs.' Mot. for Summ. J. at 12). Alternatively, plaintiffs argue that, even if defendants' statute of repose defense were properly be-

fore the Court, it would be unconstitutional to apply Georgia's medical malpractice statute of repose to plaintiffs' case, as such application would constitute an impermissible retroactive application. *Id.* at 9. Additionally, plaintiffs argue that the application of Georgia's medical malpractice statute of repose to any wrongful death case is unconstitutional on equal protection grounds. *Id.* at 3.

Defendants' response to plaintiffs' arguments rests on three alternative grounds. Defendants first argue that application of Georgia's medical malpractice statute of repose to plaintiffs' case is constitutional and does not constitute an unconstitutional retroactive application of a substantive law. (Defs.' Reply in Supp. of Defs.' Mot. for Summ. J. at 1–7). Secondly, defendants argue that plaintiffs were on notice that their Complaint was untimely and that it would be disingenuous of them now to assert that they were not, given that defendants had expressly raised statute of limitation, but not repose, as the fourth defense in their Answer. *Id.* at 7. Additionally, defendants argue that any failure to plead statute of repose in the Answer "is now an irrelevant and moot point, since the Pre–Trial Order required by the local rules, on its face supersedes the original pleadings. (LR, NDGa, 235–4)." *Id.* at 8. Defendants have also sought leave to amend their answer in order to resolve any ambiguity with respect to the appropriateness of the statute of repose arguments in their Motion for Summary Judgment.

### II. Defendant's Motion for Leave to Amend Answer.

Defendants have moved to amend their answer pursuant to Rule 15 of the Federal Rules of Civil Procedure. Defendants' proposed amendment expressly includes, as defendants' third affirmative defense, reliance on the statute of repose. In their original answer, defendants had asserted that plaintiffs' claims were barred by the applicable statute of limitation, but included no express reference to the applicable statute of repose.

---

1. O.C.G.A. § 9–2–61 allows a plaintiff to dismiss an action previously filed in state or federal court and tolls the applicable statute of limitation for six months in order to allow plaintiffs to refile their case. There is no dispute in this case that § 9–2–61 did in fact toll the applicable statute of limitation, O.C.G.A. § 9–3–71(a), after plaintiffs dismissed their state court action.

Rule 15(a) of the Federal Rules of Civil Procedure ("Rule 15(a)") provides that a party may amend its pleading as a matter of course within twenty days after the pleading is served, if no responsive pleading is necessary. If the party waits longer than twenty days, the party may amend only by leave of the court or by written consent of the adverse party. *Id.* Because plaintiff has not consented to defendants' amendment and because more than twenty days have passed since defendants filed their original answer[2], defendants have moved for leave to amend.

■ Rule 15(a) provides that leave to amend a pleading shall be "freely given when justice so requires." "Courts have interpreted [amendment] provisions liberally, in line with the Federal Rules' overall goal of resolving disputes, insofar as possible, on the merits and in a single judicial proceeding." *Spartan Grain & Mill Co. v. Ayers,* 517 F.2d 214, 220 (5th Cir.1975).[3] In explaining the amendment standard, the Eleventh Circuit has observed that "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.,* 868 F.2d 401, 407 (11th Cir.1989). In determining whether a substantial reason exists to deny leave to amend, the district court should consider the following factors: (1) undue delay, bad faith, or dilatory motive on the part of the movant, (2) repeated failure to cure deficiencies by amendments previously allowed, (3) undue prejudice to the opposing party by virtue of the allowance of the amendment, and (4) futility of amendment. *Nolin v. Douglas County,* 903 F.2d 1546, 1550 (11th Cir.1990).

In opposing amendment, plaintiffs have focused on the "delay" and "prejudice" factors. With regard to the issue of undue delay, plaintiffs argue that defendants waived any possible statute of repose defense by failing to move to amend their answer until approximately twenty months after filing the original answer. Plaintiffs also appear to argue

that defendants' motion to amend is not properly before the Court at this time as defendants' raised the defense of repose in the proposed Consolidated Pre–Trial Order and because defendants' Motion for Summary Judgment "may dispose of the necessity of their late Motion to Amend." (Pls.' Opp'n to Defs' Mot. for Leave to Amend at 1). The Court finds plaintiffs' arguments unpersuasive.

■ Plaintiffs correctly note that defendants waited approximately twenty months to move for leave to amend. Defendants counter, however, that a defense based on the statute of repose constitutes an argument that a claim is time-barred and that plaintiffs were on notice that defendants were asserting that plaintiffs' claim was time-barred at the time defendants filed their original Answer, because, in that Answer, defendants raised the statute of limitation as an affirmative defense. Defendants' argument is bolstered by the confusion that has existed with respect to Georgia's statutes of limitation and repose for medical malpractice claims.

Both the applicable statute of limitation and statute of repose are codified at O.C.G.A. § 9–3–71. Although this code section is entitled "General *limitation*", subsection "(a)" contains the two year statute of limitation while subsections "(b)" and "(c)" contain the five year statute of repose and abrogation. O.C.G.A. § 9–3–71 (1982, Supp.1993) (emphasis added). In addition, prior to the Georgia Supreme Court's decision in *Wright v. Robinson,* 262 Ga. 844, 426 S.E.2d 870 (1993), it was unclear whether the tolling provisions of O.C.G.A. § 9–2–61 would operate to toll the limitation provision of § 9–3–71(a), only, or would also toll the repose provisions of §§ 9–3–71(b) & (c), as well. As defendants' amendment does no more than clarify their reliance on subsections "(b)" and "(c)", rather than solely on subsection "(a)", of § 9–3–71, the Court finds defendants' arguments regarding notice to plaintiffs persuasive.

**2.** Defendants filed their original answer on November 14, 1991. Defendants' Motion for Leave to Amend Answer was filed on August 16, 1993.

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh

Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Moreover, defendants expressly raised their statute of repose defense in Attachment "D" of the Proposed Consolidated Pretrial Order, filed approximately eleven months after the original Answer and approximately twelve months after the Complaint. While the Court finds defendants' arguments that the Consolidated Pre–Trial Order "supersedes all of the pleadings in this case" [4] misplaced, as the Order was never signed, it does find that plaintiffs were on notice of the repose defense and failed to raise any objection to such defense.[5] Accordingly, the Court does not find that substantial reason exists to deny defendants' Motion for Leave to Amend due to any delay in making the motion.

■■■ Plaintiffs also argue that defendants' Motion for Leave to Amend should be denied because of undue prejudice to plaintiffs. In their opposition to defendants' Motion for Leave to Amend, plaintiffs never explain, however, how they would be prejudiced by the amendment. To the extent that plaintiffs are prejudiced because they are less likely to ultimately prevail in their lawsuit, this type of "prejudice" does not appear to the Court to be the type that would warrant the disallowance of the amendment, pursuant to Eleventh Circuit precedent. Because plaintiffs have failed to demonstrate *how* they would be prejudiced by defendants' proposed amendment, the Court concludes that plaintiffs have not made a sufficient showing of prejudice. *See generally Drexel Burnham Lambert, Inc. v. Edwards*, 100 F.R.D. 422, 425 (N.D.Ga.1983) (Forrester, J.) (holding that amendment that would require

reopening of discovery and impose upon party additional expense and delay in action that had been pending for nearly four years would not be allowed).

■■■ The Court finds plaintiffs' arguments that defendants' Motion for Leave to Amend is not properly before the Court equally unavailing. Plaintiff argues that there is no need for the Court to address defendants' motion, as the Court's determination of defendants' pending Motion for Summary Judgment may dispose of any need to allow amendment. This argument ignores plaintiffs' other arguments, in opposition to defendants' Motion for Summary Judgment, that defendants are not entitled to Summary Judgment because they failed to raise the statute of repose defense in their answer. As defendants' Motion for Leave to Amend seeks to remedy any possible deficiency in the Answer, the Court finds that such motion is properly before the Court. Accordingly, the Court concludes that Defendants' Motion for Leave to Amend the Answer should be granted.

### III. *Motion for Summary Judgment.*

In their Motion for Summary Judgment, defendants assert that plaintiffs' claims are time-barred by the applicable state statute of repose. *See* O.C.G.A. §§ 9–3–71(b) & (c) (Supp.1993). Defendants assert that, under Georgia's statute of repose for medical malpractice claims, no claim may be brought more than five years from the date of the alleged malpractice and that the tolling provisions in O.C.G.A. § 9–2–61 are not applicable to statutes of repose. In response, plain-

---

4. Defs.' Rep. in Supp. of Mot. for Leave to Amend at 2.

5. Plaintiffs assert that they intended to object to defendants' Attachment "D" to the Proposed Pre–Trial Order when the pre-trial conference took place in this case. (Pls.' Opp'n to Defs.' Mot. for Summ. J. at 15). The Court is not persuaded by plaintiffs' argument that they consented to inclusion of the repose defense in the Consolidated Pre–Trial Order with the intention of objecting to it at a later time. In correspondence to the Court, filed immediately following the filing of the proposed Attachment "D", plaintiffs raised one, and only one, objection. To wit, an objection to defendants' continued assertion of a statute of limitation defense. By raising an objection to defendants' statute of limitation defense only, in this correspondence, plaintiffs' actions were not consistent with their current assertion that they intended to object to the statute of repose defense later. Moreover, if the Court were to construe plaintiffs' objection to the statute of *limitation* defense as an objection to the statute of *repose* defense, such an interpretation would undermine plaintiffs' other arguments that defendants waived the repose defense by not expressly raising it when they raised the statute of limitation defense. Either defendants failed to raise their repose defense when they asserted their statute of limitation defense alone **OR** plaintiffs objected to the repose defense by objecting to the limitation defense; but not both.

tiffs argue that it would violate the equal protection clauses of the federal and state constitutions to apply O.C.G.A. § 9–3–71(b) to wrongful death actions resulting from malpractice, that the statute of repose cannot be retroactively applied to plaintiffs' claim since the wrongful death occurred prior to the statute's effective date and that defendants waived the affirmative defense of repose by failing to expressly plead such defense in their answer.[6] For the reasons set forth below, the Court concludes that defendants' Motion for Summary Judgment should be granted.

■ Plaintiffs' complaint states a cause of action for medical malpractice as defined by Georgia law. O.C.G.A. § 9–3–70 (1982). With some exceptions for foreign objects left inside a person or victims subject to certain disabilities, the applicable statute of limitation for medical malpractice claims provides that all claims "shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." O.C.G.A. § 9–3–71(a) (Supp.1993). According to the express language of O.C.G.A. § 9–3–71(a), all claims governed by that section must be brought within two years of the occurrence of any injury or death caused by medical malpractice, where such malpractice may have been committed at some time prior to the occurrence of the death or injury. The applicable statute of repose provides that "[n]otwithstanding subsection (a) of [§ 9–3–71], in no event may an action for medical malpractice be brought more than five years after the date on which the *negligent or wrongful act or omission occurred.*" O.C.G.A. § 9–3–71(b) (Supp.1993) (emphasis added). As both parties have pointed out, the statute of repose begins running at the time of the alleged negligent or wrongful act, whereas, the statute of limitation begins running at the

time the victim of the negligent or wrongful act suffers death or injury resulting from such acts. "Therefore, an injury or death is not actionable if it occurs more than five years from the date of treatment." *Hill v. Fordham,* 186 Ga.App. 354, 357, 367 S.E.2d 128, 131 (1988).

■ The two year statute of limitation is tolled for six months in cases, such as the case at bar, that have been filed in either state or federal court within the statute of limitation and are subsequently voluntarily dismissed by the plaintiffs. O.C.G.A. § 9–2–61(a) (1982, Supp.1993). The five year statute of repose is not, however, tolled by O.C.G.A. § 9–2–61(a). *Wright v. Robinson,* 262 Ga. 844, 846, 426 S.E.2d 870 (1993); *Siler v. Block,* 204 Ga.App. 672, 673, 420 S.E.2d 306 (1992), *aff'd* 263 Ga. 257, 429 S.E.2d 523 (1993). The undisputed facts in this case establish that more than five years elapsed between the acts alleged in the Complaint and the filing of this lawsuit.[7] Thus, absent a successful challenge to the statute of repose itself, plaintiffs' claims are time-barred by Georgia's statute of repose. As the Court finds plaintiffs' constitutional challenges to O.C.G.A. §§ 9–3–71(b) & (c) unavailing, it concludes that defendants' Motion for Summary Judgment should be granted.

## A. *Equal Protection.*

■ Plaintiffs argue that Georgia's statute of repose "does not apply to wrongful death actions because that would violate the equal protection clauses of the Georgia and United States Constitutions."[8] (Pls.' Opp'n to Defs.' Mot. for Summ. J. at 3). In essence, plaintiffs contend that wrongful death plaintiffs who allege medical malpractice are arbitrarily treated differently from similarly situated wrongful death plaintiffs alleging ordinary negligence against someone other than a medical provider.[9] *Id.* at 3–4. In

---

6. The Court's disposition of defendants' Motion for Leave to Amend disposes of the issues raised by plaintiffs' waiver arguments. Thus, the Court will not address this argument any further.

7. All the acts complained of took place on September 25, 1984. Plaintiffs filed their Complaint with this Court on October 25, 1991. The time elapsed was approximately seven years and one month.

8. The equal protection clauses of the Georgia state constitution and the United States Constitution are coextensive. *Grissom v. Gleason,* 262 Ga. 374, 376, 418 S.E.2d 27 (1992).

9. As the parties seem to agree that no "suspect classification" of persons is singled out or adversely affected by the statute of repose, the Court will apply a "rational relationship" analysis to the statute of repose.

support of this argument, plaintiffs rely exclusively on the Georgia Supreme Court's decision in *Clark v. Singer*, 250 Ga. 470, 298 S.E.2d 484 (1983). The *Clark* court held that O.C.G.A. § 9–3–71, prior to its amendment in 1985, was unconstitutional as applied to wrongful death cases. *Id.* at 472, 298 S.E.2d 484. Upon a careful reading of *Clark*, however, the Court concludes that the holding in that case, which is directed to a statute not at issue in this case, does not control the question presently before this Court.

Prior to being completely rewritten in 1985, O.C.G.A. § 9–3–71 purported to establish a two year statute of *limitation* for medical malpractice claims. Rather than being triggered by an injury or death, as does the current statute of limitation concerning medical malpractice, however, the limitation period began to run at the time of the alleged wrongful act or omission. *See* O.C.G.A. § 9–3–71 (1982). Accordingly, although labelled as a period of "limitation," this aspect of the old § 9–3–71 operated much like a statute of repose, in that it was tied to the time of the wrongful act, rather than the time of the injury. In *Clark*, the victim of alleged medical malpractice had died more than two years after the date of the wrongful act or omission and, thus, under the law then in effect, the statute of limitation had expired before the cause of action (death or injury) had accrued. In striking down the old § 9–3–71, the court stated that: "To impose a *limitation* period which may be exhausted before the cause of action accrues (i.e., before the patient dies), arbitrarily distinguishes between wrongful death, medical malpractice plaintiffs." *Clark*, 250 Ga. at 472, 298 S.E.2d 484 (emphasis added).

Although using constitutional terms to express its displeasure, the court seemed more concerned that the Georgia legislature had inadvertently enacted a statute of limitation that did not function as a statute of limitation but instead operated as a statute of repose, which the legislature had not purported to enact. Specifically, the *Clark* court was clearly troubled by the concept of a statute of

limitation acting to bar a cause of action *before* it accrues, when such statutes generally set a time period for suits *after* the cause of action has already accrued. *Id.* That discomfort, however, appears not to have extended to intentionally drafted statutes of repose that, by their nature, have the potential to extinguish a claim before the injury or death has occurred. Indeed, the court distinguished the statute of limitation before it from "precisely drawn statute[s] of repose," *id.*, which always establish the time within which a cause of action may accrue. Moreover, the court cited, with approval, Georgia's statute of *repose* applicable to architects, engineers and contractors, O.C.G.A. § 9–3–51.[10] *Id.*

Since the Georgia Supreme Court's decision in *Clark*, the Georgia legislature has rewritten the statute in question to include a two (2) year statute of *limitation*, triggered by the date on which the injury or death occurred, and a five (5) year statute of ultimate *repose*, triggered by the date on which the negligent or wrongful act or omission occurred. O.C.G.A. § 9–3–71 (eff. 1985). This statute is strikingly similar to the statute of repose cited approvingly in *Clark*. Accordingly, it would appear to be written with a precision and an awareness of its consequences that appeared to be lacking, and troubling, to the court in *Clark*.

Moreover, in determining that the holding in *Clark* does not suggest an inference that Georgia courts would strike down the present statute of repose on equal protection grounds, this Court is persuaded by the absence of any Georgia authority, since the 1985 amendment, overturning or expressing any concerns about the constitutional validity of a statute of repose that would apply to certain types of wrongful death cases, such as medical malpractice, but not to others.

In 1988, the Georgia Court of Appeals spoke approvingly of the statute of repose in question in this case:

There is a distinction between a statute of limitation and a statute of ultimate repose. A statute of limitation is a procedural rule

---

**10.** The Court notes that the repose provision in the current enactment of O.C.G.A. § 9–3–71, which was enacted after the *Clark* decision, is quite similar to § 9–3–51. Both clearly establish a statute of repose, separate and distinct from the applicable statute of limitation.

limiting the time in which a party may bring an action for a right which has already accrued. A statute of ultimate repose delineates a time period in which a right may accrue. If the injury occurs outside that period, it is not actionable. The Georgia statute of limitation for medical malpractice permits an action to be filed within two years after the resulting injury or death. O.C.G.A. § 9–3–71(a). *However, the statute of ultimate repose nevertheless precludes an action from being brought more than five years from the date of the alleged negligent act or omission.* O.C.G.A. § 9–3–71(b).

*Hill v. Fordham,* 186 Ga.App. 354, 357, 367 S.E.2d 128, 131 (1988) (citation omitted) (emphasis added). While it is true that the court did not address the question whether the 1985 statute of repose for medical malpractice actions violated the Georgia equal protection clause, it is also true that had *Clark* stood for the proposition that a statute of repose for medical malpractice actions were unconstitutional, a quick resolution for the plaintiff would have occurred and the *Hill* court would not have had to engage in the analysis that it undertook in the case.

Likewise, in *Wright,* 262 Ga. 844, 426 S.E.2d 870 (1993) which is extremely close on its facts to the present case, the Georgia Supreme Court expressed no indication that *Clark* would require a holding that the statute of repose violated the equal protection clause. Indeed, the court approved application of the statute of repose against the plaintiff in that case.

This Court having determined that *Clark* does not indicate that Georgia courts would hold that the instant statute violates the equal protection clause, plaintiffs' challenge to O.C.G.A. § 9–3–71(b) then boils down to an equal protection challenge to statutes of repose, in general, and their effect on wrongful death plaintiffs. Plaintiffs argue that there is no rational basis for treating medical malpractice wrongful death plaintiffs any differently than other wrongful death plaintiffs. By analogy, the same argument could be made with respect to statutes of repose applicable to products liability and construction liability cases or statutes of limitation that

differ depending on the type of claim. Facial challenges to such statutes on equal protection grounds have generally not been successful, however. *See, e.g., Prince Alexander v. Beech Aircraft Corp.,* 952 F.2d 1215, 1224–25 (10th Cir.1991) (products liability); *Brubaker v. Cavanaugh,* 741 F.2d 318, 321 (10th Cir.1984) (medical malpractice statute of limitation and repose); *Pitts v. Unarco Indus., Inc.,* 712 F.2d 276, 280 (7th Cir.1983) (products liability); *Cournoyer v. Massachusetts Bay Transp. Auth.,* 744 F.2d 208, 212–13 (1st Cir.1984) (construction liability); *Houk v. Furman,* 613 F.Supp. 1022, 1034–36 (D.Me. 1985) (separate and shorter medical malpractice statute of limitation); *Hamby v. Neurological Associates, P.C.,* 243 Ga. 698, 256 S.E.2d 378 (1979) (separate medical malpractice statute of limitation).

In this context, the Georgia Court of Appeals has observed that:

> Statutes of ultimate repose have … been enacted to limit the right to recover for injuries from defective products (OCGA § 51–1–11(b)(2)) and injuries from defective building design or construction (OCGA § 9–3–51). These limitations on liability for injuries occurring after a certain period are based upon reasonable expectations about the useful life of a building or a manufactured product. Similarly, due to the uncertainty of aging, health and intervening events it is reasonable to limit liability for injury or death occurring more than five years from the date of medical treatment.

*Hill,* 186 Ga.App. at 357, 367 S.E.2d 128 (citation omitted).

Although this Court is not bound by the authorities cited herein with regard to the constitutional issues before it, it finds them to be highly persuasive. Plaintiffs have directed this Court's attention to nothing that would indicate that the Georgia General Assembly's studied choice, made in a context in which all interested parties were able to contribute, was irrational. Accordingly, the Court concludes that Georgia's statute of repose for medical malpractice claims is rationally related to a legitimate legislative attempt to reduce the uncertainties and costs related

to malpractice litigation long after the medical services have been rendered.

### B. *Retroactivity.*

■ Plaintiffs have also argued that Georgia's statute of repose cannot be constitutionally applied to their cause of action, as it arose prior to the effective date of the statute. Plaintiffs assert that such application is impermissible under both the state and federal constitutions. Defendants reply that such challenges to the statute have been previously mounted and rejected in the state courts of Georgia. Although the Court is sympathetic to the situation in which plaintiffs find themselves, it concludes that O.C.G.A. § 9–3–71(b) may be retrospectively applied without violating either the state or federal constitutions.

In support of their argument, plaintiffs rely heavily on *Browning v. Maytag Corp.,* 261 Ga. 20, 401 S.E.2d 725 (1991). Plaintiffs cite *Browning* for the proposition that a statute of repose can never be applied to cut short a cause of action that accrued prior to the effective date of the statute. Although plaintiffs' interpretation of *Browning* is not entirely untenable, the Court declines to read it so broadly. Moreover, as defendants point out, subsequent decisions of the Georgia courts do not support plaintiffs' interpretation of the *Browning* decision.

Indeed, the Court notes how strikingly similar plaintiffs' case is to the case decided by the Georgia Supreme Court in *Wright v. Robinson,* 262 Ga. 844, 426 S.E.2d 870 (1993). Although *Wright* did not involve an alleged wrongful death, plaintiffs' cause of action in that case had clearly accrued prior to the 1985 revisions to O.C.G.A. § 9–3–71. Notwithstanding the issue of retroactive application, the *Wright* Court held that plaintiffs' case was barred by O.C.G.A. § 9–3–71(b). Although the issue of retroactive application was not directly addressed by the majority, the exact position now advocated by plaintiffs in this case was reflected in the dissenting opinion of Justice Benham in *Wright.* This position, however, did not carry the day before the Georgia Supreme Court.

■ Moreover, other Georgia authority has clearly held that statutes of limitation and repose may be applied retroactively to cut short previously accrued causes of action, so long as plaintiffs have had an adequate opportunity to bring their lawsuit prior to losing their previously vested rights. *Hill,* 186 Ga.App. at 355–56, 367 S.E.2d 128 (citing *Quinn v. Stafford,* 257 Ga. 608, 362 S.E.2d 49 (1987); *Allrid v. Emory Univ.,* 249 Ga. 35, 285 S.E.2d 521 (1982); *Jaro v. Shields,* 123 Ga.App. 391, 181 S.E.2d 110 (1971)); *see also Dinh v. Rust Int'l Corp.,* 974 F.2d 500, 501–02 (4th Cir.1992) (accord). Thus, the constitutionality of the retroactive application of such statutes turns on whether plaintiffs had an adequate time to bring their lawsuit prior to having their cause of action extinguished.

In *Browning,* plaintiffs' previously accrued cause of action would have been barred by the newly enacted statute of repose, applicable to products liability cases, as of the effective date of the statute. The statute of repose at issue in *Browning* provided no opportunity for the holders of previously accrued causes of action to bring their lawsuits.

Section 3 of the 1985 Act, however, provides a grace period of one year allowing the holders of all claims that were not previously barred, but would be by the Act, to bring their lawsuits. Ga.L.1985, pp. 556–57 § 3.[11] In the worst possible set of circumstances, the holder of a previously accrued cause of action has one year from the effective date of O.C.G.A. § 9–3–71(b) to file a lawsuit before being time-barred by the statute. Moreover, under the facts of this case, plaintiffs' claims were not barred by the statute of repose until September 24, 1989, more than four years after the effective date of the statute. Accordingly, the Court concludes that plaintiffs had an adequate opportunity to pursue their cause of action against the defendants prior to such cause being extinguished by the subsequently effective statute of repose.

---

**11.** "In the non-codified Section 3 of the 1985 Act amending [O.C.G.A. § 9–3–71], the legislature provided a grace period for existing actions which would otherwise be cut off by the statute in order to save it from the prohibition against retrospective application." *Hill,* 186 Ga.App. at 356, 367 S.E.2d 128 (citing Ga.L.1985, pp. 556–57 § 3).

## SUMMARY

As noted, the Court has some sympathy for the situation in which plaintiffs find themselves. At the time that they dismissed their first action in this case in 1991, they apparently felt that the tolling provision that tolled application of the pertinent statute of limitation also would toll application of the pertinent statute of repose. Subsequent Georgia authority, however, has been quite clear in holding that plaintiffs' interpretation of the applicability of the tolling provision was incorrect. Moreover, this Court finds unmeritorious the constitutional attacks that plaintiffs now mount in an effort to stave off the death blow that the statute of repose poses to their cause of action. Sitting as a Georgia court in its application of substantive Georgia law, this Court is bound by the holdings of that jurisdiction. So bound, this Court finds defendants' motion for summary judgment to be well founded and grants this motion.

## CONCLUSION

For the foregoing reasons, defendants' Motion for Summary Judgment [29–1] is **GRANTED** and defendants' Motion for Leave to Amend Answer [32–1] is **GRANTED.**

SO ORDERED.