A95A2202. STAPLES et al. v. BHATTI et al.
(469 SE2d 490)

POPE, Presiding Judge.

In May 1989, plaintiff M. Wylene Staples ("Staples") sought treatment from Dr. Sarwat A. Bhatti for an ailment unrelated to the present case. At that time Staples also requested a mammography examination, which was performed on June 1, 1989, at Henry General Hospital. Staples went to Bhatti for a follow-up visit on June 2, 1989, and Bhatti informed her that she had not yet received the mammogram results. It is undisputed that Bhatti subsequently received a written report of the mammogram results and that the report indi-

cated the possibility of cancer. According to Staples, neither Bhatti nor her staff contacted her concerning the results, although Bhatti had informed her she would be notified if the mammogram revealed any abnormalities.[1]

Several years later, in late March 1992, Staples discovered a lump in her breast while on a hunting trip. Staples returned early from her trip and immediately sought medical treatment, including a mammography examination which was performed in early April 1992. Staples also obtained a copy of the 1989 mammogram report, and according to her, learned for the first time that the report indicated the presence of breast cancer. The 1992 mammogram revealed an ill-defined mass measuring approximately two centimeters in diameter located in the spot "where there were clustered calcifications noted on the [1989] prior examination." A biopsy revealed the mass was cancerous, and a modified radical mastectomy was performed on Staples' right breast on April 14, 1992. The surgery and resulting pathology report revealed that the cancer in Staples' breast had spread to one of her lymph nodes.

Staples and her husband James brought this medical malpractice and loss of consortium action against Bhatti and the Multispecialty Medical Surgical Center, P. C. on April 1, 1993, contending that Bhatti was negligent in failing to inform her of the 1989 mammogram results. Defendants moved for summary judgment, contending, inter alia, that plaintiffs' cause of action was barred by the two-year statute of limitation contained in OCGA § 9-3-71. Plaintiffs attempted to amend their complaint, alleging that the statute of limitation was tolled by fraud. The trial court granted defendants' motion, and plaintiffs filed the present appeal to this court.

1. We agree with plaintiffs that the trial court erred in granting summary judgment on Staples' medical malpractice claim. OCGA § 9-3-71 provides that "an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." "[T]he focus of OCGA § 9-3-71 (a) is not the date of the negligent act but the 'consequence of the defendant's acts on the plaintiff.' *Jones v. Lamon*, 206 Ga. App. 842, 845 (426 SE2d 657) (1992)." *Vitner v. Miller*, 208 Ga. App. 306 (430 SE2d 671) (1993).

According to Staples' expert, the injury occasioned by Bhatti's alleged failure to inform Staples of her mammogram results occurred when the small cancer present in 1989 was allowed to grow in mass and to spread to Staples' lymph node, increasing the risk the cancer

---

[1] Although Bhatti contends she notified Staples of the results, as movant for summary judgment the evidence must be construed against her. *Bynum v. Gregory*, 215 Ga. App. 431 (1) (450 SE2d 840) (1994).

would metastasize to other sites and increasing the risk that it would prove fatal to Staples. Although the precise time of this injury cannot be pinpointed, it is undisputed that Staples remained symptom-free until late March, when she began experiencing pain in her breast, which caused her to immediately detect the lump or mass. Suit was filed approximately one year later, well within the two-year limitation period for medical malpractice actions. The trial court thus erred in granting summary judgment on the basis that the suit was barred by OCGA § 9-3-71 (a). *Zechmann v. Thigpen*, 210 Ga. App. 726 (3) (437 SE2d 475) (1993); *Vitner v. Miller*, 208 Ga. App. at 307; *Whitaker v. Zirkle*, 188 Ga. App. 706 (1) (374 SE2d 106) (1988); see also *Knight v. Sturm*, 212 Ga. App. 391, 392 (1) (442 SE2d 255) (1994).

2. However, we do agree with the trial court that summary judgment was proper on the fraud claim. See *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657, 660 (3) (437 SE2d 308) (1993); *Rowell v. McCue*, 188 Ga. App. 528 (373 SE2d 243) (1988).

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 29, 1996.

*Freeman & Hawkins, Robert U. Wright, John H. Ridley, Jr.*, for appellants.

*Harman, Owen, Saunders & Sweeney, David C. Will*, for appellees.