## A97A0786. WALKER v. MELTON et al.
### (489 SE2d 63)

JOHNSON, Judge.

In this medical malpractice action, the trial court granted summary judgment to defendants W. C. Melton, M.D. and Radiology & Medical Imagery of Newnan, Inc. based on the statute of limitation. Plaintiff Stanley Walker appeals. Because we find the facts in this case present a situation substantially the same as those present in *Zechmann v. Thigpen,* 210 Ga. App. 726, 728-729 (3) (437 SE2d 475) (1993); *Staples v. Bhatti,* 220 Ga. App. 404, 405-406 (1) (469 SE2d 490) (1996); and *Whitaker v. Zirkle,* 188 Ga. App. 706, 708 (1) (374 SE2d 106) (1988), we agree with Walker that summary judgment was not authorized, and reverse.

Summary judgment should be granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). Our review of a grant of summary judgment is de novo, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Rice v. Huff,* 221 Ga. App. 592, 593 (472 SE2d 140) (1996).

Viewed in this light, the evidence shows Walker was injured in a car accident on May 12, 1992. He was taken to a hospital emergency room, where x-rays were taken of his spine. The x-rays were read the same day by Melton, a radiologist employed by Radiology & Medical Imagery. Though the x-rays showed Walker had sustained a 35 percent compression fracture of a vertebra, Melton failed to recognize any fracture. As a result, Walker received no treatment for his broken back.

Walker continued to experience back pain for approximately two months. During this time, he received treatment appropriate for a back strain from Dr. Kevin Greenwell, his primary care physician. Following this treatment, his back pain ceased in late July 1992, and did not recur until approximately December 1993, prompting him to seek further treatment from Dr. Greenwell in January 1994.

Walker's doctor then took x-rays that revealed the fracture damage to the vertebra, which by that time had worsened to 66 percent compression. He also diagnosed a failure of a ligament in Walker's

back, occurring in December 1993, which he attributed to its having been placed under constant strain since May 1992 by the collapse of the vertebra. Walker's doctor opined that Walker should not have realized his vertebra had been fractured until January 1994. Walker filed the instant action on May 2, 1995.

1. OCGA § 9-3-71 (a) provides that "an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." Walker claims the trial court erred in granting summary judgment to the defendants because the statute of limitation began to run not on May 12, 1992, when Melton misread the x-rays, but in January 1994, when his doctor told him his vertebra was fractured.

(a) We note initially that Walker could have filed suit after the January 1994 diagnosis but before May 12, 1994, and thereby eliminated any issue regarding the statute of limitation. He did not, however, so we must decide whether he was required to do so. For reasons explained below, we hold he was not.

(b) The limitation period set forth in OCGA § 9-3-71 (a) runs from the date of injury. In most misdiagnosis cases, "the injury begins immediately upon the misdiagnosis due to the pain, suffering or economic loss sustained by the patient from the time of the misdiagnosis until the medical problem is properly diagnosed and treated. The misdiagnosis itself is the injury and not the subsequent discovery of the proper diagnosis. . . . *Surgery Assoc., P.C. v. Kearby*, 199 Ga. App. 716, 717 (405 SE2d 723) (1991). This is not always the case. *Whitaker v. Zirkle*, 188 Ga. App. 706, 708 (1) (374 SE2d 106) (1988)." (Punctuation omitted.) *Zechmann*, supra, 210 Ga. App. at 728-729 (3). In the case before us, as in *Zechmann, Whitaker*, and *Staples*, supra, the injuries sued for arose after the date of the misdiagnosis that caused them. Consideration of the particular injuries for which Walker seeks compensation will make this clear.

Walker does not allege Melton's misdiagnosis caused his broken back. "[P]laintiff's evidence shows that [he] had it all along or at least during the time of the ministrations by [defendant]." *Zechmann*, supra. Indeed, Walker concedes that even with proper diagnosis and treatment, his compression fracture would have deteriorated from the 35 percent level shown on the May 12, 1992 x-rays to 50 percent, but no further. Walker's medical expert opined that his spinal ligament failure and spine destabilization could probably have been prevented, however, with only 50 percent compression. The injuries which form the gravamen of Walker's complaint are the worsened compression of his vertebra from 50 to 66 percent, the failure of his spinal ligament, and the destabilization of his spine.

Construed in Walker's favor, the evidence shows these injuries occurred between July 1992 and January 1994, but the evidence does

not show a precise date when they occurred. Their first manifestation was the back pain Walker suffered in December 1993. When a misdiagnosis results in subsequent injury that is difficult or impossible to date precisely, the statute of limitation runs from the date symptoms attributable to the new injury are manifest to the plaintiff. See *Zechmann*, supra at 729; see generally *Staples*, supra at 405-406 (1). See also *Whitaker*, supra, 188 Ga. App. at 708 (1): "When an injury occurs subsequent to the date of medical treatment, the statute of limitation commences from the date the injury is discovered."[1]

Because the statute of limitation is an affirmative defense, OCGA § 9-11-8 (c), the burden was on the defendants to show its applicability. See generally *Glenridge &c. Assn. v. Felton*, 183 Ga. App. 858, 861 (6) (360 SE2d 418) (1987), and *Jones v. Littlejohn*, 222 Ga. App. 494, 496-497 (2) (474 SE2d 714) (1996). The defendants have not shown Walker had any manifestations of the new injuries until December 1993, and suit was filed less than two years afterward. Therefore, summary judgment on statute of limitation grounds was inappropriate and unauthorized by law.

Defendants urge us to hold the statute of limitation commenced to run in May 1992, which was before the injuries sued for existed. If we were to adopt a rule allowing such a result, we would run afoul of the Supreme Court of Georgia's landmark decisions in *Shessel v. Stroup*, 253 Ga. 56, 58-60 (316 SE2d 155) (1984), and *Clark v. Singer*, 250 Ga. 470, 472 (298 SE2d 484) (1983). These cases struck down Georgia's previous medical malpractice statutes of limitation on equal protection grounds because they began to run when the negligent act occurred, even though no cause of action exists until there is injury. The former statutes therefore barred some, but not all, medical malpractice actions before a cause of action even arose. The rule urged by defendants here would lead to the same unconstitutional result.

2. The trial court entered no explicit ruling on Walker's motion for partial summary judgment as to liability, and Walker enumerates the failure to grant this motion as error. Walker presents no argument or authority on this issue in his brief, however. The issue has therefore been abandoned. See Court of Appeals Rule 27 (c) (2); see *Schneider v. Tri Star Intl.*, 223 Ga. App. 85, 87 (3) (476 SE2d 846) (1996).

*Judgment reversed. Pope, P. J., and Blackburn, J., concur.*

---

[1] *Whitaker* has been questioned. See *Bryant v. Crider*, 209 Ga. App. 623, 625 (3) (434 SE2d 161) (1993), and *Ford v. Dove*, 218 Ga. App. 828, 830-831 (3) (463 SE2d 351) (1995). It has not been overruled, however, and is binding precedent. See *Vitner v. Miller*, 208 Ga. App. 306, 308 (430 SE2d 671) (1993) (Pope, J., concurring specially).

DECIDED JULY 8, 1997 —

*Cabaniss & Adkins, George M. Cabaniss, Jr.,* for appellant.
*Drew, Eckl & Farnham, James M. Poe,* for appellees.