A00A2064. DOUGLAS KOHOUTEK, LTD. v. HARTLEY, ROWE & FOWLER, P.C. et al.
(543 SE2d 406)

ELDRIDGE, Judge.

On October 20, 1995, Douglas Kohoutek, Ltd., a real estate investment limited partnership, sued Hartley, Rowe & Fowler, P.C., G. Michael Hartley, Walter P. Rowe, Joseph H. Fowler, Tom L. Lane,

[7] *Tucker v. Talmadge*, 186 Ga. 798, 799 (4) (198 SE 726) (1938).
[8] *Gordy Tire Co. v. Dayton Rubber Co.*, 216 Ga. 83, 89 (1) (114 SE2d 529) (1960).

Jr., Linda S. Karlo, and Jeffrey P. Richards for professional negligence due to an eight and one-half month delay in filing the UCC-1 statement on September 14, 1990, to secure a note executed on January 27, 1990, which created a collateral security gap. Prior to September 14, 1990, the defendant was aware that the UCC filings had not been made timely and that the defendants might be professionally negligent. The defendants moved for summary judgment based upon the running of the statute of limitation, which was granted. The plaintiff contends that the statute of limitation was tolled by fraud through concealment, failure to disclose, and continued representation and that there existed material issues of fact for the jury as to such fraud. We do not agree and affirm.

1. Plaintiff contends that the trial court erred in granting summary judgment on the running of the statute of limitation because there existed a material issue of fact that fraud tolled the running of the statute.

In a legal malpractice action the applicable statute of limitation is four years from the breach of the duty. See OCGA § 9-3-96; *Gibson v. Casto*, 233 Ga. App. 403, 404 (2) (504 SE2d 705) (1998), modified on other grounds, 271 Ga. 667 (523 SE2d 564) (1999). At trial, to toll the running of the statute of limitation, plaintiff has the burden of proof to overcome this affirmative defense; however, on motion for summary judgment, after the defendant presents evidence that the statute of limitation has run, plaintiff must come forward with some evidence to demonstrate on motion for summary judgment that some evidence exists to create a material issue of fact that the statute has been tolled for jury determination. *Houston v. Doe*, 136 Ga. App. 583, 585-586 (3) (222 SE2d 131) (1975).

> The statute of limitations is tolled in malpractice actions when a defendant intentionally conceals an act of professional negligence from a plaintiff, causing the plaintiff to be deterred from bringing a claim. Our Code provides that if a defendant is guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud. This provision has always been strictly construed to require (1) actual fraud involving moral turpitude, or (2) a fraudulent breach of a duty to disclose that exists because of a relationship of trust and confidence. . . . [I]n situations such as exist in this appeal, where the gravamen of the underlying action is not a claim of fraud, but rather of malpractice, the statute of limitations is tolled only upon a showing of a separate independent actual fraud involving moral turpitude which deters a plaintiff from fil-

ing suit. In such cases, before the running of the limitation period will toll, it must be shown that the defendant concealed information by an intentional act — something more than a mere failure, with fraudulent intent, to disclose such conduct, unless there is on the party committing such wrong a duty to make a disclosure thereof by reason of facts and circumstances, or the existence between the parties of a confidential relationship.

(Punctuation and footnotes omitted.) *Hunter, Maclean &c., P.C. v. Frame*, 269 Ga. 844, 846 (1) (507 SE2d 411) (1998) (*"Frame"*); see also OCGA § 9-3-96; *Riddle v. Driebe*, 153 Ga. App. 276, 280-281 (265 SE2d 92) (1980).

Where a confidential relationship exists, a plaintiff does not have to exercise the degree of care to discover fraud that would otherwise be required, and a defendant is under a heightened duty to reveal fraud where it is known to exist. Put another way, a confidential relationship imposes a greater duty on a defendant to reveal what should be revealed, and a lesser duty on the part of a plaintiff to discover what should be discoverable through the exercise of ordinary care. But the fraud itself — the defendant's intention to conceal or deceive — still must be established, as must the deterrence of a plaintiff from bringing suit. . . . It follows that the existence between the parties of a confidential relationship is not a separate and independent basis for tolling, but rather it is an important factor affecting the duty to disclose and the duty of ordinary diligence, to be considered in the fraud analysis itself. . . . [T]he limitation period is tolled only by intentional concealment that debars or deters the plaintiff's bringing of an action. . . . But the fraud itself — the defendant's intention to conceal or deceive — still must be established, as must the plaintiff's deterrence from bringing suit.

*Frame*, supra at 848-849.

Plaintiff has pointed to no evidence in the record that raises a material issue of fact that the defendants had an intention to conceal or deceive and that such conduct deterred the plaintiff from suit. See *Frame*, supra at 847-849; *Vincent v. Bunch*, 240 Ga. App. 255, 257 (1) (522 SE2d 495) (1999); *Arnall, Golden & Gregory v. Health Svcs.*, 197 Ga. App. 791, 792-793 (2) (399 SE2d 565) (1990).

Plaintiff can point to no intentional misrepresentations that misled or deterred suit. Instead, plaintiff only contends that failure to

disclose was sufficient during the existence of the confidential relationship without the necessity to tender a scintilla of evidence that the defendants had the intent to deceive or conceal and that plaintiff was thereby debarred from filing suit against the defendants; this fails to satisfy the elements of fraud necessary to toll the statute. See *Frame*, supra at 848-849. Under the facts of record and all favorable inferences drawn for the plaintiff, defendants were entitled to the grant of summary judgment. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. Division 1 controls the plaintiff's other four enumerations of error.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 30, 2000 —
RECONSIDERATION DENIED DECEMBER 21, 2000 —

*Robert H. Benfield, Jr.*, for appellant.
*Gorby, Reeves, Peters & Burns, Michael J. Gorby, Karen E. Cooper, Daniel E. Turner, Christine A. Carson*, for appellees.