A01A1695. MILLER v. KITCHENS et al.
(553 SE2d 300)

ELDRIDGE, Judge.

On December 6, 1999, John Nathan Miller, plaintiff, sued Dr. Stephen F. Kitchens and his partnership, Coastal Surgeons, Ltd., for malpractice prior to and during an operation on October 2, 1997, to repair a hiatal hernia with gastroesophageal reflux. In his complaint, Miller alleged that Kitchens proceeded with surgery before attempting medical therapy; failed to assess pulmonary function in relation to the risk of surgery; failed to make any attempt to reduce the risk of surgery; failed to switch to an open procedure during surgery after technical difficulties caused some delay in finishing the operation; failed to close ports cut in the diaphragm by sutures, placing a stitch inadvertently into his stomach; failed to determine the situs of unknown bleeding prior to concluding surgery; left a blunt needle in his stomach; failed to determine the plaintiff's respiratory status; and caused injury to the liver which required reparative surgery on October 7, 1997. All of such alleged acts or omissions of malpractice set forth in the complaint, in plaintiff's expert affidavit attached to the complaint, and in plaintiff's expert's deposition occurred on or prior to the October 2, 1997 operation; by the very nature of such alleged acts or omissions, all injuries and negligent acts or omissions occurred prior to the October 7, 1997 remedial operation, because most were alleged to have occurred prior to or during the October 2, 1997 operation.

Kitchens answered and raised the affirmative defense of the statute of limitation having run on or prior to October 7, 1999. Kitchens moved for summary judgment, which was denied, and he renewed the motion. On March 2, 2001, the trial court granted summary judgment on the running of the statute of limitation.

The plaintiff contends that the trial court erred in granting summary judgment for a number of different reasons. We do not find merit on any grounds, and we affirm.

(a) Plaintiff contends that the trial court applied the incorrect standard to determine on summary judgment whether the statute of limitation barred the claim.

The statute of limitation commences to run in a medical malpractice case upon injury caused by an act or omission in deviation from the standard of care and attaches after two years from such date and not from discovery of the injury. OCGA § 9-3-71 (a); *Shessel*

*v. Stroup*, 253 Ga. 56, 57-58 (316 SE2d 155) (1984). However, when there has been a misdiagnosis of a medical condition, the tortious injury commences when the harm was discovered or reasonably should have been discovered. *Walker v. Melton*, 227 Ga. App. 149, 150-151 (1) (489 SE2d 63) (1997). When a foreign body, i.e., a blunt needle, is left in the plaintiff's body, the statute of limitation runs one year after discovery. OCGA § 9-3-72; *Dalbey v. Banks*, 245 Ga. 162, 163-164 (264 SE2d 4) (1980); *Abend v. Klaudt*, 243 Ga. App. 271, 272-273 (1) (531 SE2d 722) (2000).

The October 2, 1997 surgery was shown by Kitchens' evidence in support of his motion for summary judgment to have been when the plaintiff's injuries occurred and that the suit was not commenced until December 6, 1999, which was more than two years after the injury. Thus, Kitchens made out a prima facie affirmative defense for the running of the statute of limitation. *Walker v. Melton*, supra at 151.

Therefore, the duty to come forward with some evidence to create a material issue of fact for the jury regarding the running of the statute of limitation shifted the burden of persuasion to the plaintiff. See OCGA § 9-11-56 (e); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Plaintiff contends that the statute of limitation was tolled by fraud, because Kitchens failed to disclose to him his injuries under his fiduciary duty as treating physician and that the statute of limitation should run from the discovery of the injury by the plaintiff. Actual fraud, through nondisclosure of a known injury by the defendant and through acts to conceal the injury, which deters or debars the bringing of the action, tolls the statute of limitation and tolls the running of the statute until discovery of the fraud. OCGA § 9-3-96; *Wade v. Thomasville Orthopedic Clinic*, 167 Ga. App. 278, 280-281 (2) (306 SE2d 366) (1983); *Hamilton v. Mitchell*, 165 Ga. App. 717, 718-719 (302 SE2d 589) (1983). Such fraud that will toll the statute of limitation requires: (1) actual fraud involving moral turpitude on the part of the defendant; (2) the fraud must conceal the cause of action from the plaintiff, thereby debarring or deterring the knowing of the cause of action; and (3) the plaintiff must have exercised reasonable diligence to discover the cause of action, notwithstanding the failure to discover within the statute of limitation. *Jim Walter Corp. v. Ward*, 245 Ga. 355 (265 SE2d 7) (1980); see also *Charter Peachford Behavioral Health System v. Kohout*, 233 Ga. App. 452, 457-459 (c) (504 SE2d 514) (1998) (physical precedent only). While plaintiff and Kitchens may have been under a fiduciary relationship, requiring Kitchens to inform the plaintiff that defendant negligently injured him, before such duty arises, the defendant must know that the plaintiff was injured in the ways plaintiff contended; that the defend-

ant knew that his violations of the standard of care caused such injuries; and that he intentionally concealed such fact. See *Wade v. Thomasville Orthopedic Clinic*, supra at 280-281 (2). Plaintiff produced no such evidence which would toll the statute of limitation for actual fraud.

Plaintiff contends that, on motion for summary judgment based upon the affirmative defense of the running of the statute of limitation, the movant has the burden not only to prove the running of the statute but also that the statute has not been tolled. However, the movant has only the burden of proof as to an affirmative defense of the running of the statute of limitation and not to establish the absence of facts showing a tolling. *Lau's Corp. v. Haskins*, supra. Now, the burden of persuasion that the statute of limitation has not attached falls to the plaintiff to present some evidence showing that an issue exists that the statute has not run but has been tolled. See *Anglin v. Harris*, 244 Ga. App. 140, 141 (1) (534 SE2d 874) (2000); *Kem Mfg. Corp. v. Sant*, 182 Ga. App. 135, 141 (5) (355 SE2d 437) (1987). Therefore, plaintiff must come forward with some evidence to raise an issue of material fact that fraud tolled the running of the statute, which he failed to do in this case. *Douglas Kohoutek, Ltd. v. Hartley, Rowe & Fowler, P.C.*, 247 Ga. App. 422, 423-424 (1) (543 SE2d 406) (2000); *Houston v. Doe*, 136 Ga. App. 583, 585-586 (3) (222 SE2d 131) (1975).

(b) Plaintiff contends that the trial court erred in considering the deposition of plaintiff's expert witness that was taken and filed with the trial court on motion for summary judgment, because the medical records upon which the expert witness based his opinion were never introduced into evidence. This same plaintiff's expert rendered the OCGA § 9-11-9.1 affidavit without having these same records attached to the affidavit and filed with the trial court. However, plaintiff failed to perfect the record on appeal by making a timely objection on these grounds in the trial court and failed to cite to the record to show where he made a timely objection to the trial court's consideration of this deposition on such grounds, or any other grounds, in order to preserve such issue by a trial court ruling on such objection. This Court will not consider issues raised for the first time on appeal. Court of Appeals Rule 27 (c).

(c) Plaintiff contends that the trial court failed to determine when the plaintiff was injured and when the plaintiff discovered that he had been injured. All of plaintiff's allegations of negligence by necessity occurred prior to the second operation, as did the resulting injuries. The plaintiff's complaint asserts as an admission in judicio that the injuries occurred prior to or during the October 2, 1997 operation. OCGA § 24-3-30; *Keeley v. Cardiovascular Surgical Assoc.*, 236 Ga. App. 26, 27 (1) (510 SE2d 880) (1999). More importantly, plain-

tiff's expert witness, both by affidavit and by deposition, swore that in his opinion such injuries occurred either prior to or during the October 2, 1997 operation as a consequence of the defendant's acts or omissions. The statute of limitation in medical malpractice cases commences to run from the date of injury from such negligent acts or omissions. See OCGA § 9-3-71 (a); *Shessel v. Stroup*, supra.

The law as to medical malpractice arising from misdiagnosis, which was not involved in this case, holds that the statute of limitation commences to run from the discovery of the injury, i.e., misdiagnosis. *Whitaker v. Zirkle*, 188 Ga. App. 706, 707 (1) (374 SE2d 106) (1988); see also *Walker v. Melton*, supra at 150-151. Where the physician who misdiagnosed a plaintiff continues to treat a plaintiff until the plaintiff discovers the misdiagnosis, under the continuous treatment doctrine, the statute of limitation commences to run from the date of the discovery of the misdiagnosis or treatment by the defendant terminates. *Williams v. Young*, 247 Ga. App. 337, 339-343 (543 SE2d 737) (2000). However, contrary to plaintiff's contentions, such misdiagnosis/continuous treatment doctrine has no application to acts and omissions which allegedly caused injury. Therefore, the misdiagnosis/continuous treatment doctrine has no application to the facts of this case where there were no allegations of incorrect diagnosis.

Injury, and not the discovery of injury, commences the running of the statute of limitation in cases of medical malpractice. OCGA § 9-3-71 (a); *Shessel v. Stroup*, supra at 58; *Clark v. Singer*, 250 Ga. 470, 471-472 (298 SE2d 484) (1983). Discovery of the injury in cases of fraud, foreign body, or misdiagnosis will toll the running of the statute of limitation. *Williams v. Young*, supra at 338-341. Thus, the statute of limitation commences to run when the plaintiff knows of the injury or reasonably should have been aware of such injuries from his symptoms. See *Robinson v. Williamson*, 245 Ga. App. 17, 18-19 (1) (537 SE2d 159) (2000); *Henry v. Med. Center*, 216 Ga. App. 893, 894 (2) (456 SE2d 216) (1995); *Bryant v. Crider*, 209 Ga. App. 623, 625-627 (3) (434 SE2d 161) (1993); *Jones v. Lamon*, 206 Ga. App. 842, 844-846 (1) (426 SE2d 657) (1992) (physical precedent only).

Plaintiff erroneously has concluded that Georgia courts have adopted the discovery rule in all medical malpractice cases. Plaintiff misplaces his reliance upon language in *Whitaker v. Zirkle*, supra at 708 (1), a misdiagnosis case, which applies to the injury, which is the misdiagnosis: "[w]hen an injury occurs subsequent to the date of medical treatment, the statute of limitation commences from the date the injury is discovered." As authority for such statement, *Shessel v. Stroup*, supra, is relied upon, where after a tubal ligation, the plaintiff became pregnant; "[t]he pregnancy was the injury." Id. at 57. The tortious injury was the pregnancy and not the failed tubal liga-

tion. Plaintiff further relies upon the special concurrence in *Vitner v. Miller*, 208 Ga. App. 306, 308 (430 SE2d 671) (1993) (Pope, C. J., concurring specially), where it states: "[i]n *Whitaker v. Zirkle*, [supra], this court adopted the 'discovery rule' in medical malpractice cases." Finally, by a nine to two margin, one judge not participating, this Court adopted the "continuous treatment doctrine" in misdiagnosis cases:

> [s]ignificantly, the doctrine comports with OCGA § 9-3-71 (a) not because it delays the occurrence of the injury but because it deems that the negligent act, i.e., the failure to make the proper diagnosis, continues as long as the patient remains under the physician's care. The doctrine is applicable to misdiagnosis cases because each time the physician renders treatment to the patient based on an erroneous diagnosis, he is implicitly repeating the misdiagnosis.

*Williams v. Young*, supra at 341. Thus, the discovery rule has no application in this case, because such rule does not have the general application that plaintiff urges for all medical malpractice cases. See *Henry v. Med. Center*, supra at 894.

(d) Plaintiff contends that he was incapable of knowledge or even discovery of his injuries between October 2, 1997, and December 19, 1997, because he was unconscious. He contends that such unconsciousness rendered him incapable of knowing of such injury, i.e., the injury does not commence the running of the statute of limitation until discovery. We do not agree. This issue is controlled by Subsection (c) adversely to the plaintiff.

Also, plaintiff never raised in the trial court below that the unconscious state of the plaintiff tolled the running of the statute of limitation under OCGA § 9-3-73 (b). Thus, it is waived. Further, plaintiff never cites to the portion of the record in support of this enumeration of error; therefore, it is deemed abandoned. Court of Appeals Rule 27 (c); *Henry v. Med. Center*, supra at 894; *Dugger v. Danello*, 175 Ga. App. 618, 620 (2) (334 SE2d 3) (1985).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED JULY 31, 2001 —
RECONSIDERATION DENIED AUGUST 16, 2001.

*Vincent D. Sowerby, Steven L. Morgan*, for appellant.

*Hall, Booth, Smith & Slover, Michael G. Frick, Norman D. Lovein,* for appellees.