### A09A1818. BRYANT v. GOLDEN et al.
(691 SE2d 672)

BERNES, Judge.

In this professional malpractice action, Daniel M. Bryant sued Larry Randolph Golden and his accounting firm, Golden and Associates CPAs, LLC (collectively, "Golden"), to recover damages related to the accrual of interest and penalties assessed by the Internal Revenue Service against Bryant as a result of Golden's alleged failure to timely file Bryant's tax returns. The trial court granted summary judgment in favor of Golden after concluding that Bryant's action was barred by the applicable statute of limitation. Bryant does not contest the finding that the filing of the lawsuit fell outside of the limitation period, but nonetheless argues that the running of the statute was tolled due to Golden's alleged fraud. Because we conclude that Golden's alleged conduct did not rise to the level of fraud so as to toll the statute of limitation, we affirm.

On appeal from the grant of summary judgment, we conduct a de novo review of the law and the evidence to determine whether a genuine issue of material fact remains or whether the movant is entitled to judgment as a matter of law. *Pogue v. Goodman*, 282 Ga. App. 385, 386 (638 SE2d 824) (2006). We construe the evidence and all inferences and conclusions arising therefrom in the light most favorable to the nonmoving party, to whom we give the benefit of all reasonable doubts. *Brown v. Coast Dental of Ga.*, 275 Ga. App. 761 (622 SE2d 34) (2005).

So viewed, the evidence here shows that the professional relationship between Bryant and Golden began in the 1980s, when Golden commenced performing accounting services for Bryant. Prior to that time, Golden had performed various accounting services and consulting work for Bryant's father, Glen Bryant, in connection with the elder Bryant's various businesses.

Following Glen Bryant's death, a decision was made to sell one of his businesses, Coastal Communications, a telecommunications company located in Coastal Georgia. The business was sold in 2000 and resulted in several substantial, multi-million dollar payments to Bryant and his brothers over the years that followed.

The documents provided to Bryant in conjunction with the sale reflected that Bryant's projected income tax liability stemming from the sale totaled over $5.8 million. Although Bryant believed that some money from the sale had been set aside to cover this tax

liability, he knew that he was required to prepare and file a tax return reflecting the income from the sale no later than April 15, 2001. During his deposition, Bryant testified that, on April 15, 2001, he did "[w]hat [he] always did," to wit, signed and had Golden file an extension of time to file, rendering his tax return due on October 15, 2001.

For reasons not fully established in the record, Golden did not prepare Bryant's 2001 tax return.[1] Bryant testified that he was aware that the return had not been prepared. He also testified that he was aware that the Internal Revenue Service charges penalties and interest on unpaid taxes. Nonetheless, he testified that in response to his persistent inquiries to Golden about the return, Golden always gave the same answer: "Not quite there yet. I'm working on it."

Eventually, Bryant hired a different accounting firm and, in January 2007, his 2000 tax return was prepared and filed. Bryant filed the instant lawsuit in April 2007, seeking to recover for the interest and penalties assessed by the Internal Revenue Service as a result of the late filing.[2] Golden's motion for summary judgment was granted based upon the trial court's conclusion that the lawsuit was barred by the statute of limitation.

Bryant argues that the trial court erred in granting summary judgment to Golden because the running of the statute of limitation was tolled due to Golden's alleged fraudulent conduct. Specifically, he asserts that the relationship between himself and Golden was confidential in nature, and that Golden actively misrepresented that he was working on the tax return and/or that the return was almost complete; failed to inform him that the deadline for filing could not be extended beyond October 15, 2001; and neglected to notify him that he was incurring substantial interest and penalties while awaiting the completion of the return.

The statute of limitation in an action alleging professional malpractice against an accountant is four years from the date of the alleged breach of duty. See OCGA § 9-3-25; *Consolidated Mgmt.*

---

[1] The appellate record does contain an affidavit from Golden in which he avers that throughout this time period, he was attempting to gain the necessary information from Bryant in order to enable him to prepare an accurate and truthful tax return. Although Golden's brief elaborates on Golden's reasons for not filing the return, it relies on Golden's deposition testimony, the transcript of which was not included in the appellate record.

[2] The exact amount of Bryant's damages associated with the 2000 tax return remains unclear due to a pending request before the IRS seeking abatement of all nonpayment and nonfiling penalties associated with that return. Although Bryant's income tax returns for the years 2001 through 2005 were also filed late, there were no penalties assessed for those returns because Bryant had no tax liability during that time period. Accordingly, the only return at issue in this case remains the 2000 tax return.

*Svcs. v. Halligan*, 186 Ga. App. 621, 622 (1) (368 SE2d 148) (1988). The running of the limitation period can be tolled, however, if the defendant in a professional malpractice action is "guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action," in which case the period of limitation runs only from the time of the plaintiff's discovery of the alleged fraud. OCGA § 9-3-96. See also *Hunter, Maclean, Exley & Dunn, P.C. v. Frame*, 269 Ga. 844, 846 (1) (507 SE2d 411) (1998). Where, as here, the gravamen of the underlying action is not fraud, the plaintiff has the burden of establishing that the defendant is guilty of "a separate independent actual fraud involving moral turpitude which deters [him] from filing suit." (Punctuation and footnote omitted.) *Frame*, 269 Ga. at 847 (1). See *Shipman v. Horizon Corp.*, 245 Ga. 808, 809 (267 SE2d 244) (1980); *Harrison v. Beckham*, 238 Ga. App. 199, 204 (3) (518 SE2d 435) (1999).

> In such cases, before the running of the limitation period will toll, it must be shown that the defendant concealed information by an intentional act — something more than a mere failure, with fraudulent intent, to disclose such conduct [—] unless there is on the party committing such wrong a duty to make a disclosure thereof by reason of facts and circumstances, or the existence between the parties of a confidential relationship.

(Punctuation and footnote omitted.) *Frame*, 269 Ga. at 847 (1). See *Shipman*, 245 Ga. at 809. In the context of a confidential relationship, a greater duty is imposed on a defendant to reveal what should be revealed, and a lesser duty is placed on a plaintiff to discover what should be discoverable through the exercise of ordinary care. *Frame*, 269 Ga. at 848 (1); *Cochran Mill Assoc. v. Stephens*, 286 Ga. App. 241, 245 (1) (648 SE2d 764) (2007). But significantly, "the fraud itself — the defendant's intention to conceal or deceive — still must be established, as must the deterrence of a plaintiff from bringing suit." (Footnote omitted.) *Frame*, 269 at 848 (1). See *Cochran Mill Assoc.*, 286 Ga. App. at 245 (1). And the "[f]raud cannot consist of mere broken promises, unfilled predictions or erroneous conjecture as to future events." (Citations omitted.) *Riddle v. Driebe*, 153 Ga. App. 276, 281 (265 SE2d 92) (1980).

Here, we need not decide the issue of whether the relationship between Bryant and Golden was a confidential one because, regardless of the nature of their relationship, Bryant has not alleged conduct sufficient to toll the statute of limitation. Even construing the facts in the light most favorable to Bryant, there is no evidence that Golden intentionally withheld from Bryant any information

YALE LAW LIBRARY

about his failure to complete the 2000 tax return or, more significantly, that he concealed or failed to disclose information that deterred Bryant from filing suit within the limitation period. To the contrary, the undisputed evidence establishes that Golden consistently informed Bryant in response to Bryant's repeated requests that the tax return had not yet been completed. And, by Bryant's own admission, he was aware that he was subject to the imposition of penalties and interest by the Internal Revenue Service as a consequence of the late return. Indeed, it was Bryant's knowledge of Golden's failure to file the return and his concern for the consequences of that failure that led him to seek the services of a new accounting firm. Under these circumstances, Bryant's allegations are insufficient to toll the statute of limitation, and the trial court properly concluded that his action against Golden is time barred. See *Frame*, 269 Ga. at 849-850 (2); *Cochran Mill Assoc.*, 286 Ga. App. at 245-246 (1); *Douglas Kohoutek, Ltd. v. Hartley, Rowe & Fowler, P.C.*, 247 Ga. App. 422, 423-424 (1) (543 SE2d 406) (2000); *Harrison*, 238 Ga. App. at 204-205 (3); *Riddle*, 153 Ga. App. at 279-281. See also *Falanga v. Kirschner & Venker, P.C.*, 286 Ga. App. 92, 94-96 (1) (a) (648 SE2d 690) (2007).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MARCH 10, 2010.

*Savage, Herndon & Turner, Christopher D. Britt*, for appellant. *James, Bates, Pope & Spivey, Thomas C. James III, G. Grant Greenwood, Ratcliffe & Smith, Thomas J. Ratcliffe, Jr.*, for appellees.