A11A2159, A11A2164. ALLMOND et al. v. YOUNG et al.
(two cases).
A11A2160. KAM v. YOUNG et al.
A11A2161, A11A2163. STRANSTONE, INC. v. YOUNG et al.
(two cases).
A11A2162. ALLMOND et al. v. YOUNG et al.

(723 SE2d 691)

ANDREWS, Judge.

Each of the appellants in the above-styled cases (collectively "plaintiffs") entered into agreements with Turners Cove Development to buy lots in Turners Cove subdivision and to have a townhouse built on those lots. The sales agreements were signed in November 2000, and each plaintiff paid $5,000 in earnest money. The agreements provided that "the closing [of this sale] shall take place on or before January 1, 2003." The closings never took place. According to the complaint, the lots were sold in June 2005 to a third party, and plaintiffs were never refunded their $5,000 earnest money.

On July 22, 2010, plaintiffs sued Tracy Young and Titlemax of Georgia,[1] alleging claims for, among others, breach of contract and fraud. They filed an amended complaint alleging violations of the Interstate Land Sales Full Disclosure Act (ILSA). Young filed a motion to dismiss, raising numerous grounds, among which was that the applicable statutes of limitation had expired. The trial court granted the motion. Plaintiffs appeal only from the dismissal of their claims for fraud and violations under ILSA.

1. In their first enumeration of error, plaintiffs argue that the trial court erred in holding that their fraud claim was barred by the statute of limitation. Plaintiffs contend that the statute was tolled because they did not discover the fraud until 2007. They argue that it was not until 2007 that they learned the properties had been sold to another buyer.

The statute of limitation on a fraud claim is four years. OCGA § 9-3-31. OCGA § 9-3-96 provides that: "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." "Where actual fraud is the gravamen of the action, the statute of limitation is tolled until the fraud is discovered or by reasonable diligence should have been discovered. . . . The plaintiff has the burden of showing the existence of facts that would toll the

---

[1] Appellants alleged in their complaints that Young had "executive control" of both Turners Cove Development and Titlemax, and that he commingled funds between the two entities.

statute of limitation." *Falanga v. Kirschner & Venker, P.C.*, 286 Ga. App. 92, 94 (648 SE2d 690) (2007).

The trial court held that if the fraud claim had to do with Young's failure to close by the agreed upon closing date, then the statute began to run on January 3, 2003. If the fraud alleged was the selling of the lots to a third party, then the statute began to run in June 2005. Therefore, the four-year statute of limitation would have run, at the latest, on June 19, 2009.

Plaintiffs argue that Young's deceit in commingling the plaintiffs' earnest money with other funds and in selling the properties to another buyer without informing them, prevented their discovering the fraud. But "[t]he fraud which tolls a statute of limitation must be such actual fraud as could not have been discovered by the exercise of ordinary diligence." *Weinstock v. Novare Group*, 309 Ga. App. 351, 361 (710 SE2d 150) (2011). This Court has held that mere silence or a failure to disclose, even where there existed a fiduciary relationship, will not toll the statute of limitation for fraud where "the information was open and available." See *Falanga*, supra at 96.

Both below and on appeal, plaintiffs had the burden of coming forward with some evidence that fraud on the part of Young prevented or deterred them from bringing this action so as to toll the limitation period. In addition, they must show that they exercised ordinary diligence in attempting to discover the fraud. They have not done so. As the trial court pointed out, plaintiffs were on notice when the closing did not take place in 2003, and certainly when the closing did not occur by 2006, that something was wrong. Instead, they state that they discovered the lots had been sold in or around 2007, four years after the closing of the sales were to take place. Most importantly, plaintiffs raise no argument that Young took any specific action to prevent them from discovering the sales to another party, especially in light of the fact that the records of the sales were readily and publicly available. See, e.g., *Anthony v. American Gen. Financial Svcs.*, 287 Ga. 448, 461 (697 SE2d 166) (2010) (plaintiffs were not prevented from subsequently discovering the impropriety of these actions by simple reference to OCGA § 45-17-11 of the readily-available Georgia Code). Accordingly, plaintiffs have not carried their burden of coming forward with some evidence that they were prevented or deterred from bringing their claims within the statute of limitation.

2. Next, plaintiffs claim that the trial court erred in ruling that their claims under the ILSA were barred by the three-year statute of limitation of 15 USC § 1711. That Code section provides that no action shall be maintained for violations under this title "more than three years after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence."

Plaintiffs' claims under ILSA, in addition to Young's failure to refund the earnest money, were, among others, that Young was required to provide a property report to prospective purchasers, to record a Statement of Record with the appropriate government agency, to give purchasers a properly recorded plat and, if no such plat existed, disclose this to the purchaser.

The record shows that the ILSA claim was filed on January 5, 2011. Even assuming a relation back to the original complaint in July 2010, the trial court correctly held that when the January 3, 2003 closing did not occur, and certainly by the time of the anticipated construction in 2005 or 2006, appellants were on notice and should have discovered any alleged violations of ILSA.

Plaintiffs argue that the statute of limitation should have been tolled due to Young's fraudulent concealment of the violations.

Fraud that will toll the statute of limitation requires: (1) actual fraud involving moral turpitude on the part of the defendant; (2) the fraud must conceal the cause of action from the plaintiff, thereby debarring or deterring the knowing of the cause of action; and (3) the plaintiff must have exercised reasonable diligence to discover the cause of action, notwithstanding the failure to discover within the statute of limitation.

*Miller v. Kitchens*, 251 Ga. App. 225, 226 (553 SE2d 300) (2001). Once the defendant has shown the running of the statute of limitation, the burden shifts to the plaintiff to present some evidence that the statute has been tolled. Id.

Plaintiffs have not shown that Young made any attempt to debar or deter them from discovering the above alleged violations; neither have they shown that they made any attempt, in the exercise of reasonable diligence, to discover these alleged violations. Their argument on appeal consists solely of a re-statement of the contentions in the complaint and fails to even discuss the three factors required to show that the statute of limitation should have been tolled. See *Miller*, supra. Accordingly, there is no merit to this enumeration, and the trial court properly granted Young's motion to dismiss this claim as barred by the three-year statute of limitation.

*Judgments affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED FEBRUARY 1, 2012 —
RECONSIDERATIONS DENIED FEBRUARY 21, 2012 — 

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Kathryn H. Pinckney*, for appellants.

*Jones, Osteen & Jones, Billy N. Jones, Carl R. Varnedoe, Bondurant, Mixson & Elmore, Michael B. Terry, Alison B. Prout*, for appellees.